The Savannah Cotton Exchange *vs.* The State, etc.

THE SAVANNAH COTTON EXCHANGE, plaintiff in error, *vs.* THE STATE *ex rel.* WARFIELD & WAYNE, defendant in error.

1. The 1st section of the 7th article of association of the Savannah Cotton Exchange, provided that " any member who shall be accused of wilfully violating the constitution and by-laws, or of fraudulent breach of contract, or of any proceeding inconsistent with the just and equitable principles of trade, or of other misconduct, may, on complaint, be summoned before the full board of directors, and if the charges against him be, in the opinion of the board, substantiated, he may, by a vote of not less than two-thirds of the members of the board, be suspended or expelled from the exchange." Article 6th provided that all claims of one member against another arising from cotton transactions, should be subject to arbitration, specified the manner in which it should be had, and established a board of appeals.

*Held,* that the failure of a member to comply with an award rendered in such an arbitration, against his protest that the exchange had no jurisdiction of the matter in issue, was not such misconduct as would authorize his expulsion under section 1st of article 7.

2. Such member was entitled to an appeal on the question of jurisdiction without submitting the whole merits of the controversy.

3. If the Cotton Exchange has the authority to act as an arbitration court under its charter, its awards are subject to be reviewed and examined, so far as the legal rights of the parties are concerned, by the judicial tribunals of the state, in the same manner as are the awards of other arbitrators.

*Mandamus.* Corporations. Arbitrament and award. Appeals. Jurisdiction. Before Judge TOMPKINS. Chatham Superior Court. February Term, 1875.

Reported in the decision.

HARTRIDGE & CHISHOLM, for plaintiff in error.

W. U. GARRARD, for defendant.

WARNER, Chief Justice.

This case came before the court below on the petition of the relators for a *mandamus* against the defendant, to compel it to restore them as members of its corporation, from which they had been indefinitely suspended by its action. On the hearing of the motion for a peremptory *mandamus*, it was

agreed by the parties that the case should be submitted to the presiding judge for his decision, without the intervention of a jury, and that he might give to all the statements contained in the papers submitted, such weight as he might deem them entitled to. The presiding judge, after having considered the same, ordered the peremptory *mandamus* to issue. Whereupon the defendant excepted.

1. By the 1st section of the 7th article of the defendant's fundamental articles of association, it is declared that "any member who shall be accused of *wilfully* violating the constitution and by-laws, or of *fraudulent* breach of contract, or of any proceeding inconsistent with the just and equitable principles of trade, or of other misconduct, may, on complaint, be summoned before the full board of directors, and if the charges against him be, in the opinion of the board, substantiated, he may, by a vote of not less than two-thirds of the members of the board, be suspended, or expelled from the exchange." Article 6th provides that all claims of one member against another, arising from cotton transactions, shall be subject so arbitration, and specifies the manner by which it shall be done, and also provides for a board of appeals. The complaint alleged against the relators was, that they had refused to pay $435 32 and costs, which had been awarded against them in favor of Tison & Gordon, by three arbitrators appointed by defendant, against the protest of the relators on the ground that the defendant, under the peculiar facts of the case, had no jurisdiction to determine it by arbitration, they also claiming an appeal from the decision of the arbitrators in relation to that point in the case, which the defendant refused to allow, unless they would consent that the whole merits of the case should be heard on the appeal. In our judgment, the facts as disclosed in the record, did not make out such a cause of complaint against the relators as would have authorized the defendant either to have suspended or expelled them from the exchange under the provisions of the 1st section of the 7th article of its own fundamental articles of association.

2. The relators respectfully protested against the jurisdic-

tion of the defendant to arbitrate the transaction between them and Tison & Gordon under the peculiar facts of the case, and demanded an appeal on the question of jurisdiction; this was denied them, unless they would submit the whole merits of the case.    The relators had the clear right to appeal from the decision on the question of jurisdiction, without being restricted in the exercise of that right by the terms imposed by the defendant.    There is no evidence in the record that the relators *wilfully* violated the constitution and by-laws of the defendant, or that they committed a *fraudulent* breach of contract, or of any proceeding inconsistent with the just and equitable principles of trade, or of any other misconduct, at least the complainant did not specify the act, or acts complained of, with the documentary evidence bearing on the case the complainant was possessed of, or with a list of the witnesses as required by the 2d section of the 7th article of the association.    The only complaint against the relators that we can discover is, that they refused to pay Tison & Gordon $435 32 which they claimed had been awarded to them by an arbitration against which the relators protested and which they respectfully insisted the arbitrators had no jurisdiction to make, but if they had, the award could have been only enforced as any other common law award. The presiding judge, to whom the evidence was submitted, has passed upon it, and granted the *mandamus*, and we find no error in his judgment on the statement of facts contained in the record.

3. If the defendant has the power and authority to act as an arbitration court under its charter, in relation to all claims of one of its members against another, arising from cotton transactions, its decisions and awards are subject to be reviewed and examined, so far as the legal rights of the parties are concerned, by the judicial tribunals of the state, in the same manner as the awards of other arbitrators are reviewed and examined.

Let the judgment of the court below be affirmed.    .