## RAWLINSON *v.* SHAW.

Arbitration and Award—Church Discipline.

Where members of a church submit a business difference to a board of arbitrators chosen in accordance with the discipline of the church, without providing that the award shall be final, the one favored in the award will not be permitted, after a ruling by the church authorities that the award is appealable, to contest the ruling, and enforce the award in the courts.

Error to Kent; Adsit, J. Submitted April 12, 1900. Decided May 29, 1900.

*Assumpsit* by John W. Rawlinson against Solomon B. Shaw upon an award by arbitrators. From a judgment for defendant, plaintiff brings error. Affirmed.

*Cutcheon & Swarthout*, for appellant.

*Walker & Fitzgerald* ( *Myron H. Walker* of counsel), for appellee.

Moore, J. This case has been here once before. It is reported in 117 Mich. 5 ( 75 N. W. 138 ). A reference to the reported case will make it unnecessary to state some things here that would otherwise be necessary.

Upon the trial, testimony was given tending to show that the parties, in compliance with the provisions of the discipline of the church of which they were both members, submitted their differences to a board of arbitrators selected in accordance with the provisions of the discipline. An award was made as stated in 117 Mich. 5. It is claimed by defendant that the terms of this award were complied with by the parties to it, but that afterwards the plaintiff was dissatisfied with it, and appealed to the quarterly conference, where the defendant protested against

setting the award aside. His protest was overruled, and a second award was made. This award was satisfactory to the plaintiff, but was not to the defendant, who appealed to the presiding elder, and through him to the quarterly conference. The presiding elder was of the opinion that not more than two awards could be had, but advised defendant that he had a right to appeal from his decision to the presiding bishop of the annual conference. This was done. Bishop Walden was of the opinion that an appeal would lie from the second award to the quarterly conference, and so notified the presiding elder, and both parties to this proceeding were so notified. A meeting of the quarterly conference was called, before whom both parties appeared. The plaintiff claimed that Bishop Walden was in error in ruling that a third arbitration could be had. After one or two adjournments, on the 13th of November, 1896, the quarterly conference decided to grant a new arbitration. The plaintiff was not satisfied with this conclusion, and soon thereafter brought this suit. A trial was had before a jury, who returned a verdict in favor of defendant.

Upon the trial, in addition to the things above stated, several articles of the discipline of the church were introduced in evidence. A letter from Bishop Walden to the presiding elder, dated November 13, 1896, was also put in evidence, containing, among other things, the following language:

"The bishops have agreed that, when an award has been made in a case submitted to arbitration in a disciplinary way, the award is final, unless the parties themselves agree to have a second arbitration. * * * I was misled by the reference made to an erroneous statement in Bishop Merrill's Digest,— correct under former provisions of the discipline, but not now. If a third hearing has been had, and the result is satisfactory to Brothers Shaw and Rawlinson, the matter had better end there; but I presume that Brother Shaw can claim the first award, notwithstanding the subsequent irregularities."

The circuit judge was of the opinion that, under the rules

of the church, the defendant had a right to appeal from the second award; that he made his appeal, which was allowed by the bishop and the quarterly conference; and that plaintiff could not recover upon the second award. The court, however, submitted to the jury the questions raised by the proofs under the count in the declaration on the contract, and allowed them to pass upon the controverted questions of fact in relation thereto. It is the claim of the plaintiff that the second award was valid, that the attempt to appeal therefrom was irregular, and that he is entitled to recover thereon. Counsel in the brief say:

"This court will not find it necessary to the proper determination of this case to go into the tortuosities of the church law touching the question of the validity of this award. As will be seen in later paragraphs of this brief, the church lawyers are themselves lost in this mazy labyrinth, and cannot agree either with each other or with themselves as to what the ecclesiastical law is upon the question of appeals from awards. The main fact is that here is an award that answers all the requirements of a common-law award. Here was a matter of business difference (not an ecclesiastical difference or question, be it noted), referred to named arbitrators pursuant to a submission signed by both parties. There were no reservations whatever in the submission. No provisions for a review or appeal are found in it. The only reference to the church was that the arbitrators were chosen in accordance with the discipline, viz., two by each party, the four choosing the fifth, the five being members of the church. Both parties were represented by counsel, witnesses testified for and on behalf of both parties, documents were offered in evidence, arguments were made, and the award was rendered in writing, signed by all five arbitrators. The award is final and certain. There is not a word in the record of any fraud, partiality, corruption, mistake, or misconduct on the part of any of the arbitrators. The court expressly charged that there was no duress. On these facts, we claim plaintiff is entitled to a judgment; for this court has nothing to do with appeals made from a business arbitration, such as this, to ecclesiastical judicatures. The decisions and awards of tribunals created by some other organization than the laws of the land are subject to be reviewed and examined, so far as the legal

rights of the parties are concerned, by the judicial tribunals of the State, in the same manner that the awards of other arbitrators are reviewed and examined.     *Savannah Cotton Exchange* v. *State*, 54 Ga. 668."

"An arbitration and award are none the less binding because made pursuant to the regulations of a church to which the parties belong.     *Payne* v. *Crawford*, 97 Ala. 604 (11 South. 725)."

It is true, the law favors the settlement of disputes by arbitration; but the arbitration must be final before it can be enforced.     The record discloses that the parties did not undertake either a common-law or a statutory arbitration. It was entered into because required by the rules of the church of which they were both members.     The submission was a very brief paper, reading:

"In the matter of a business difference between the parties hereunto subscribing, it is hereby submitted to the following persons, chosen in accordance with the discipline of the Methodist Episcopal Church, viz.: G. A. Buell, J. S. Valentine, W. G. Beckwith, O. R. Wilmarth, C. A. Shackleton.

[ Signed ]          "J. W. RAWLINSON.
                    "S. B. SHAW."

Such a paper would not give very much authority to common-law arbitrators, or enlighten them as to what was submitted to them.     It is evident that both the parties contemplated such an arbitration as the rules of the church required from its members in cases of differences between them.     The articles of submission do not provide that the award shall be final and binding, and undoubtedly it was expected that it would be subject to the rules of the church. When the first award was made, the plaintiff did not treat it as final and acquiesce in it.     He claimed an appeal, and, against the protest of the defendant, his appeal was granted.     When the second award was made, the defendant did not regard it as final and acquiesce in it, but appealed therefrom.     The presiding elder did not think an appeal would lie from the second award, but the bishop and the quarterly conference held otherwise, and ordered

that there should be another arbitration. Instead of acquiescing in this action of the church authorities, the plaintiff brings this suit. If Bishop Walden was right in the holding that an appeal from the second award would lie, then there is no final award which can be enforced. If, on the other hand, there could be but one award, as the letter of the bishop asserts, then the plaintiff has already got all he was entitled to. We think it very clear that the parties had in mind, not a statutory arbitration nor a common-law arbitration, but an arbitration subject to the rules and usages of the church, as interpreted by its officers. Those officers have ruled in such a way as not to satisfy the plaintiff. He now appeals to the court, and, instead of submitting to the action of the church, he selects such portion of its action as is favorable to him, and asks the court to enforce it. We do not think he has an award which the courts can enforce.

The judgment is affirmed, with costs.

The other Justices concurred.