totally worthless, you should find a verdict for the defendant." The error alleged upon this charge was that it instructed the jury that they could not find for the defendant unless they found that the goods sued for were totally worthless, when they should have found for the defendant if the goods were not reasonably suited for the purposes for which they were sold. (3) That the court said in charging, "If you find that the goods sued for were reasonably suited for the purposes for which they were intended, you should find a verdict for the plaintiff." (4) That the court erred in not charging the law of special warranty.

T. V. Sanders and Akerman & Akerman, for plaintiff in error.

W. C. Davis and J. B. Sanders, contra.

COBB, P. J. (After stating the foregoing facts.) Defendant had paid nothing for the material for the purchase-price of which the action was brought. The issue made by the plea and the evidence seems to have been whether such material was totally worthless. If under the evidence it was not entirely worthless, there was no evidence tending to show how much less than the purchase-price it was worth, and therefore nothing upon which the jury could find for the plaintiff less than the full price. Consequently there had to be a verdict for the plaintiff for the amount claimed, or a general verdict for the defendant. Hinkle v. Burt, 94 Ga. 506; Otis v. Holmes, 109 Ga. 775. This being true, the charges complained of were not hurtful to the defendant. The other grounds of the motion for a new trial do not require consideration.

Judgment affirmed. All the Justices concur, except Fish, C. J., absent.

---

## UNITED BROTHERS v. WILLIAMS.

A benefit society was chartered in 1883, which had no capital stock. Its assets consisted of membership fees and annual dues. Members were entitled out of the assets to certain sick benefits and the payment of burial expenses of themselves and certain members of their families. The charter expired by limitation in 1903. In 1904 the former officers and members, purporting to act in a corporate capacity, expelled one of the members. No notice or copy of charges was given to the expelled member. The reason for the expulsion was that such member had testified as a witness in a case to which the association was a party, and as

a result of his testimony the case was decided against the society. There was no claim that the testimony of the member was false, and the member claimed that he testified to the truth. In 1905 the charter was renewed. At the time of the renewal of the charter the society had assets in which the member alleged to have been expelled was interested. The corporation as renewed refused to admit such member to the privileges of membership. *Held:* (1) That the action in 1904, purporting to expel the member, was a nullity so far as the right of such member in the property of the society was concerned. (2) That the member purporting to have been thus expelled was entitled to admission into the corporation created by the renewal of its charter. (3) That mandamus was an appropriate remedy to secure his restoration to his rights as a member of the corporation.

Submitted March 3,—Decided July 28, 1906.

Mandamus. Before Judge Felton. Bibb superior court. December 18, 1905.

This was an application for a mandamus by Hamp Williams against the United Brothers, alleged to be a corporation of this State. It appears from the petition and amendments thereto, that a corporation called the United Brothers was created by an order of the superior court of Bibb county at the April term, 1883. The purpose of the corporation was to promote systematic benevolence by providing a fund for taking care of sick members, and paying the expenses of burial of members and members of their families. There was no capital stock, but the funds of the association were to be derived from membership fees and dues. The plaintiff became a member of the association soon after its organization, the exact date not appearing. The charter of the association expired on the 8th day of May, 1903. When the charter expired the association did not go into liquidation, but the members and officers conducted the business of the association as if the corporation still existed. This state of affairs continued until 1905, when a petition to the superior court was filed by the United Brothers, describing itself as a corporation whose charter had expired, and S. J. Hammond, one of its original incorporators, and other named persons, alleging that the charter was granted to the United Brothers on May 8, 1883, which expired May 7, 1903, and that petitioners desired to revive the corporation with all the rights' of the original charter as the same appeared on the records of the court. It was also asked that they be given authority to organize branch societies in other

counties, and provide constitutions and by-laws for their government. The prayer was that it be "incorporated and renewed for a period of twenty years." On this petition an order was passed, April 19, 1905, granting the same. In 1904, after the original charter had expired and before the same was renewed, the plaintiff at a regular meeting was declared expelled from the association. This was done without notice of any charge against him, the president of the association merely stating to the meeting then in session that the plaintiff had testified against the association in a suit against it, and as a result of his testimony the case was decided against the association. The plaintiff was, under the charter and by-laws, entitled to certain substantial benefits in case of sickness or death in his family. It is distinctly alleged that the plaintiff's testimony in the case referred to was true, and that the sole reason for expelling him was the fact that he had testified as a witness. The plaintiff made an effort to have himself reinstated, but the association denied him all the rights and privileges of membership. It is charged that the expulsion of plaintiff was without authority, and was the result of malice on the part of the president of the association, who was responsible for the litigation referred to. It was alleged that at the time the plainiff was expelled the association had assets to the amount of $100 in cash, in which plaintiff was interested. The prayer of the petition was for the writ of mandamus, commanding the corporation to reinstate the plaintiff to his privileges as a member. The petition was filed on April 17, 1905. The defendant filed demurrers, both general and special, which were overruled, and the defendant excepted.

*Marion W. Harris* and *Julian F. Urquhart,* for plaintiff in error, cited Civil Code, §§ 4868-70, 1882, 1886, 2350; *Ga. R.* 4/26; 12/170; 107/362; 116/788; 38/308; 16/13; 19/337; 30/580; 76/360; 80/284; 93/633; 91/238; 66/177, 696; 87/533; 101/422; 115/104; 8 L. R. A. 196; 84 Ky. 490; 100 N. Y. 605; 116 Pa. St. 391; 61 Iowa, 492.

*F. R. Martin,* contra, cited *Ga. R.* 38/608; 42/148; 70/86; 109/666.

COBB, P. J. (After stating the foregoing facts.) The plaintiff was a member of the corporation at the time its charter expired in 1903. At the time the proceedings were had which purported to expel him from the association there was no corporation in exist-

ence.  The affairs of the former association were being carried on in an irregular, if not an illegal way.  At that time the plaintiff was interested in the property of the association on account of having been a member at the date of the expiration of the charter. The officers and members were then without authority to take any action in the nature of corporate proceedings which would deprive the plaintiff of his property rights.  The assets and .funds of the association were to be held by them until the association went into liquidation and a division took place, or until the charter was renewed in conformity to law.  The proceedings purporting to expel the plaintiff from the association were therefore a nullity; for there was no corporation from which to expel.  He was a part owner with the other members in assets held by the old officers in trust for all the members.  It is to be noted that a new charter for a new corporation was not granted.  The old charter was renewed with certain amendments.  The effect of the renewal of the charter was to carry the property of the old corporation then in the hands of the officers and members into the corporation as created by the renewal of the charter.  Every person interested in the assets of the corporation as a member on the date the old charter expired became a member of the corporation created by the renewal of the charter.  It was renewed under the same name with all the powers the original corporation had, and others added thereto.  The corporation as renewed was bound to admit into membership every person interested in the property of the corporation as it existed at the time of the expiration of the charter.  The power to deal with the members, assets, and property of the association in a corporate capacity died upon the expiration of the charter, but came to life with the renewal of the charter.  Persons interested as members of the old corporation lost no rights by the irregularities that took place between the expiration of the old charter and the granting of the new charter.  When the corporation began business under the new charter with the funds and property of the old corporation as a basis for its operation, all members of the old corporation were entitled to the privileges and benefits which they would have had if the charter had not expired.  As members of the old corporation, they had no authority to deal with and expel the plaintiff at the time the alleged action was taken against him.  He became a member of the new corporation created by the renewal of

the charter. He is entitled to all the rights and privileges of a member. This has been denied to him. Undoubtedly he has a right of action against the corporation for refusing to admit him as member, but this remedy would not be adequate. He could recover damages, but damages are not desired. He wishes to be restored to membership, so that he may exercise the privileges and receive the benefits resulting from membership in the corporation. There are numerous decisions in other jurisdictions that mandamus is a proper remedy to be resorted to by one who has been wrongfully deprived of his privileges as a member of the corporation. Bacon on Benefit Societies (3d ed.), §§109, 442. In *Waring* v. *Georgia Medical Society*, 38 *Ga.* 608, it was held by this court that where a corporator has a clear legal right which has been violated by the corporation, and he has no other adequate remedy, he is entitled to relief by mandamus. See also *Savannah Cotton Exchange* v. *Warfield*, 54 *Ga.* 668. In the opinion in the *Waring* case, Mr. Chief Justice Brown says: "When a member feels that he is aggrieved or injured by the illegal or oppressive action of the body, it is his right to appeal to the courts for redress and protection; and it is the right and duty of the court to investigate such charges, when properly before it, and to judge of the legality of the action of the society in expelling a member or depriving him of any other legal right."

The only reason alleged for the action of the corporation in declining to admit the plaintiff as a member is that he testified to the truth as a witness in a case where the association was a party. Even if the corporation had been in existence at the time of the alleged action purporting to expel him therefrom, this would not have been sufficient to justify an expulsion. He could not have been legally expelled for this reason, even if he had had a formal trial, after due notice, according to the by-laws of the association. Certainly, then, upon the renewal of the charter he can not be denied admission into the association on account of the purported action of the association at a time when it had no right to deal with the question of expulsion. There was no error in overruling the demurrers.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*