## LOUISVILLE & NASHVILLE RAILROAD CO. *et al. v.* COX.

1. A paper signed solely by a party who claims a cause of action against another as a tort-feasor, acknowledging the payment of certain sums of money as in full settlement thereof, subject to certain terms and conditions therein expressed, is to be considered as an accord on condition or conditional release; and the failure of the alleged tort-feasor to comply with the conditions does not render him liable ex contractu as for a breach of the condition. Non-compliance with the conditions of the settlement will prevent the settlement from being pleaded as a full accord and satisfaction to the original liability.

2. Equity in a proper case will reform a contract so as to make it speak the actual agreement between the parties; but courts will not make contracts for parties under the guise of reforming a unilateral undertaking.

    Decided January 21,—Rehearing denied February 18, 1910.

Action for damages. Before Judge Ellis. Fulton superior court. January 21, 1909.

*Joseph B. & Bryan Cumming, McDaniel, Alston & Black,* and *Dorsey, Brewster, Howell & Heyman,* for plaintiffs in error.

*Burton Smith,* contra.

EVANS, P. J. The writ of error is to the overruling of demurrers to the plaintiff's petition. The petition contained two counts. The first count alleged, that the plaintiff, on May 23, 1903, while in the employment of the Louisville & Nashville Railroad Company and the Atlantic Coast Line Railroad Company, lessees of the Georgia Railroad and Banking Company, was injured to the extent of losing both of his legs, under such circumstances as to make all of the above-named railroad companies, as well as the Atlanta & West Point Railroad Company, liable to him; and that all of these companies (who are the defendants in the suit) recognized their liability to him. On August 20, 1903, the defendants paid to the plaintiff on account of his injuries $4,600. He thereupon signed the following paper: "Received of the Georgia Railroad Forty-Six Hundred Dollars ($4600.00), in addition to the sum of Seventy-Five Dollars ($75.00) already received by me, and for which I have given receipt in full settlement for all claims for damages of every kind against the Georgia Railroad and Banking Company, The Georgia Railroad (the Louisville & Nashville Railroad Company, and the Atlantic Coast Line Railroad Company, Lessees), and the Atlanta & West Point Railroad Company, on account of personal injuries received by me at Atlanta, Ga., May 23rd, 1903, sub-

ject to the terms and condition hereinafter stated, said conditions etc. being as follows: That the Georgia Railroad Company will furnish, without cost to me, an artificial leg and feet, and will bear the entire reasonable expense of a trip to Washington City and return for the purpose of having said leg and feet fitted. And when I will have recovered sufficiently, and when a vacancy in the service of the Georgia Railroad in the City of Atlanta, in any place which I am physically able to fill, and by training, education, habits, and character am fitted to fill (my fitness to be determined by the superior officer employing me), I will be given employment subject to the rules, regulations, and discipline of the service, and stand on the same footing as all other employees of said Railroad.

[Signed]   B. J. Cox."

It was alleged, that within three or four months after his injuries the plaintiff entirely recovered, and was able to do for the defendants many kinds of work, particularly described in the petition, which work was worth from $60 to $70 per month; that there were many vacancies in various clerical positions of the Georgia Railroad in the city of Atlanta, which were specifically stated; but that the defendants failed and refused to give him any work. The plaintiff has been ready from the time of his recovery up to the present time, and continues to be ready, to take employment from the defendants and has often asked for employment, which has always been refused. Judgment is prayed for damages already incurred, and that it be so molded as to require the defendants to give him employment according to the stipulations in the writing signed by the plaintiff at the time of the settlement.

The second count varied from the first count only in that it alleged that "Petitioner shows that the agreement between him and the defendant was that they were to furnish him permanent work, as soon as he recovers his general health, and the wounds incident to the loss of his legs had healed. By mistake of the scrivener, contract does not clearly make this appear. The scrivener was furnished by the defendants; petitioner, not being learned in the law, relied upon the defendant and their scrivener to draw a contract carrying out the agreement made; without fault on his part this was not done," and prayed that the writing evidencing the settlement of the plaintiff with the defendants be reformed in accordance with the agreement, that the plaintiff have judgment for

damages already incurred by him, and that the defendant be required to comply with the contract as reformed, and give him employment.

1.   The first count of the petition is projected on the theory that the writing which the plaintiff executed and delivered to the defendants in settlement of his injuries, in connection with the circumstances as alleged, constitutes a contract with mutual obligations between the plaintiff and the several railroad companies; and recovery is sought to be had for a breach thereof.   This is an erroneous conception of the intendment of the writing; the plain effect of which is a conditional release by the plaintiff to the defendants of all liability for an alleged tort.   The plaintiff had been injured under circumstances which he claimed rendered the railroad companies liable to him in damages.   The parties undertook to settle that liability and agree upon the amount of money to be paid.   The railroad companies offered $4,600 additional to the $75 previously paid; the plaintiff accepted these sums in full settlement, "subject to the terms and conditions hereinafter stated, said conditions etc. being as follows," viz., that the Georgia Railroad Company would furnish to him an artificial leg and feet, and transportation to Washington to have them fitted; and that when a vacancy occurred in the service of the Georgia Railroad in the city of Atlanta, which the plaintiff was physically able to fill, and which he was by training, education, habits, and character fitted to fill (the plaintiff's fitness to be determined by the employing officer of the railroad company), he was to be given employment subject to the rules, regulations, and discipline of the service, and upon the same footing as other employees of the Georgia Railroad.   Such was the transaction between the plaintiff and the defendants, as reflected from the receipt which the plaintiff gave.   He was unwilling to unconditionally accept the money as an accord and satisfaction, and imposed conditions.   If the companies failed to comply with the conditions, the plaintiff's remedy was upon his original cause of action for the tort in maiming him; and if the railroad companies were liable under the facts of the case, they could not defeat that liability by pleading and proving the written settlement as a release, unless they showed compliance with its terms.

2.   The second count seeks to reform the written release by converting it into an agreement whereby the defendants obligated

to furnish the plaintiff permanent work as soon as he recovered his general health and the wounds incident to the loss of his legs had healed. As we have construed the writing to be a conditional release and not a contract, this can not be done. Equity in proper cases will reform a contract so as to make it speak the actual agreement between the parties; but the courts will not make contracts for parties, under the guise of reforming a unilateral undertaking.

*Judgment reversed. All the Justices concur, except Holden, J., disqualified.*