## HOLMES *et al.* v. BROWN.

1. The rights of a member of an unincorporated society are defined by the constitution and rules of the association, and arise out of private contract. If a member has been suspended by virtue of a sentence imposed by a trial held in violation of the constitution and by-laws of the association, and the suspended member is thereby denied the right to participate in certain benefits payable out of a fund raised by dues and assessments, equity will enjoin the enforcement of such illegal sentence, and the interference by officers of the association with his rights as a member, until he is given a hearing in accordance with the constitution of the association.
2. The order of the court in the case at bar is not to be construed as a final determination of the suspended member's status, but as a temporary injunction against the enforcement of the suspension until his status is fixed by a final trial.

FEBRUARY 13, 1917.

Injunction. Before Judge Pendleton. Fulton superior court. November 11, 1915.

The Bricklayers, Masons, and Plasterers International Union of America, a voluntary association, has a local union, known as Lodge No. 6, in the city of Atlanta. The plaintiff was a member of the local union, and was suspended for non-payment of a fine, which he alleges was imposed upon him by the local lodge without notice and in violation of the constitution and by-laws of the union. He filed a petition against the local union and its officers, for an injunction against the defendants' refusing to treat with him as a member and refusing to accord to him the rights, privileges, and benefits incident to membership. On an interlocutory hearing the court passed the following order: "Pending a trial of said cause, and upon payment of all such dues and assessments, not including the fine, the defendants are enjoined and restrained from interfering with the plaintiff in the enjoyment of all his rights and interests as a member of the Bricklayers, Masons, and Plasterers International Union of America, Subordinate Union No. 6, of Georgia, until such time as the original charges upon which the plaintiff was suspended are tried by said subordinate union in accordance with its by-laws and rules, and the plaintiff found guilty; this order not to be construed as preventing said union from trying said Brown upon said charges." The defendant excepted to this interlocutory judgment.

*T. J. Ripley, W. M. Bailey,* and *Bryan, Jordan & Middlebrooks,* for plaintiffs in error.

*W. M. Smith* and *John S. Highsmith,* contra.

EVANS, P. J. (After stating the foregoing facts.) The judge was authorized to find, from the evidence submitted at the hearing, that the plaintiff became a member of the union about fourteen years prior to the trial. He preferred certain charges against another member, but was unable to sustain them because those members who furnished the information were intimidated from testifying by persons outside of the union. Upon his failure to sustain the charges brought by him the plaintiff in turn was accused of maliciously preferring an unfounded charge against a member, and was tried and fined fifty dollars at a meeting at which he was not present, and without any written charge against him. About a month after his trial and sentence, as soon as he discovered

it, the plaintiff wrote to the judiciary board of the association, complaining of the sentence, and received a reply that under the constitution of the union it would be necessary for him to pay such fine imposed by the local union before an appeal could be entered, and that the thirty-day limit provided for appeals would not be enforced against him. He was unable to pay the fine, and made several unsuccessful attempts to be heard by the local union. He repeatedly offered and tendered dues to the union by going to the door of the local union and demanding admission and stating that he was present and desired to pay dues, and upon every occasion admission and the privilege to pay dues was denied him. He had paid dues after his alleged suspension on one occasion, which were accepted by the union. The constitution and by-laws of the international union provide that no member shall be tried except upon a written charge stating the specific offense against the accused member, and that the trial shall be had on a stated day; if the member refuse to be present, he shall be notified of the time when the trial shall occur. Upon conviction and sentence the same operates as a suspension of all benefits and privileges until compliance with the terms of the sentence, with a right of appeal to the judiciary board on payment of the fine. The constitution and by-laws further provide for a beneficiary and mortuary fund maintained on a mutual plan, for the benefit of members who have been connected with the union for a period longer than six months; for a pension system providing for a benefit to members who have reached the age of sixty years, and who have been in continuous good standing for a period of twenty years; and for a disability benefit to members of ten years standing.

Although the petition does not in terms pray for a reinstatement of the suspended member, it must be conceded that such is the essence of the prayer for an injunction against the defendants' interference with his rights and benefits as a member. The local union had suspended him from membership, and he could only become entitled to the rights of a member by a restoration to membership. He could not be restored by a mandamus proceeding, since that remedy is appropriate when addressed to officers of corporations, being predicated on the proposition that since corporations derive their existence from the State it is an efficient means by which the courts may compel corporations to obey the

laws and constitutions of their organizations and enforce the rights of their members. *State ex rel. Waring* v. *Georgia Medical Society,* 38 *Ga.* 608 (95 Am. D. 408); *Savannah Cotton Exchange* v. *State ex rel. Warfield,* 54 *Ga.* 668. In the case of unincorporated societies, the constitution and by-laws of the association form a contract between the members, and the rights of a member arise out of private contract. A member of a voluntary association should avail himself of his remedies within the organization according to his contract, as against any attempt to exclude him from the organization. When these remedies are exhausted, a member who has been disfranchised, suspended, or expelled in violation of the constitution and by-laws may appeal to a court of equity for the protection of his property rights incident to membership; and the courts generally hold that if it is necessary to the protection of such rights, a court of equity has jurisdiction to compel his reinstatement. Mesisco *v.* Giuliano, 190 Mass. 352 (76 N. E. 907); Wrightington on Unincorporated Associations, § 56. The plaintiff presented evidence of an invasion of a property right by excluding him from participation in the benefits of the association and from the fund raised by dues and assessments. He was wrongfully suspended if his trial occurred without notice and in his absence and without a written charge being made against him. Under these circumstances the plaintiff would be entitled to equitable relief, unless, in the grant of such relief, a mandatory injunction is essential. Our statute declares: "An injunction can only restrain; it can not compel the performance of an act. It may restrain until performance." Civil Code (1910), § 5499. The barrier against the plaintiff obtaining his rights incident to membership is the local union's enforcement of an illegal sentence, if the plaintiff's version of the matter be the truth of the case. He has tendered and offered to pay all back dues, but the officers of the local union are constrained to reject his tenders because of the sentence which they pronounced against him. If they are restrained from enforcing that sentence by order of court, and restrained from denying his rights as a member after he has tendered all of his dues, the plaintiff will be entitled as a member to a member's rights. The court found, as a conclusion of fact, that the evidence authorized an inference that the plaintiff had been illegally tried and sentenced, and that he had tendered all of his

dues in arrears; in other words, his status was that of a lawful member·of the union. In the court's order the plaintiff was required to pay these dues to the local union, and upon compliance with this condition by him the union was temporarily enjoined from interference with his rights as a member. The order does not finally adjudicate the plaintiff's status as a member, and should not be construed as so doing.

*Judgment affirmed. All the Justices concur.*