MILLETT *v.* AMERICAN MICA COMPANY *et al.* (two cases).

ATKINSON, J.  1. Where an equitable suit is filed the number of days before the appearance term of court, as prescribed by statute, against several defendants, some of whom are non-residents, and the petition is duly served upon the resident defendants within the time required by the statute, and no service is perfected on the non-resident defendants, but all of them appear at the first term as designated in the process, and, without excepting to the failure to serve them, file general demurrers to the petition on the ground that it fails to set forth a cause of action against them, a judgment sustaining the demurrer, rendered at the first term as above indicated, is not premature.

2. A minority stockholder in a private corporation may proceed in equity in behalf of himself and other stockholders against the corporation, its officers, and third persons in collusion with its officers, for fraud in the conduct of the corporate business or management of the corporate property, or acts ultra vires which operate to injure or damage the property of the corporation; but in order to do so, it must be shown that the stockholder has acted promptly and that he has made earnest effort to obtain redress at the hands of the directors or stockholders, or why it could not be done, or that it was not reasonable to require it. He must also show that he was a shareholder at the time of the transaction of

which he complains, or that the share has devolved on him since by operation of law. Civil Code, § 2224; *Smith* v. *Coolidge Banking Co.*, ante, 7, and authorities cited. And in cases where the majority confine themselves within the charter powers, a court of equity will require a strong case of mismanagement or fraud, before it will interfere with the internal management of the affairs of the corporation. Civil Code, § 2223. Applying these principles, there was no error in dismissing the petition in each of these cases upon general demurrer.

*Judgment affirmed. All the Justices concur.*

MAY 15, 1917.

Equitable petition. Before Judge Ellis. Fulton superior court. February 3, 1916.

*W. H. Terrell,* for plaintiff.

*H. N. Randolph, R. S. Parker,* and *Dorsey, Brewster, Howell & Heyman,* for defendants.

