EDRINGTON *v.* HALL *et al.*

No. 6712.   MAY 15, 1929.

488

*Oscar Horn* and *Parker & Parker,* for plaintiff in error.

*C. E. Harper* and *Parks, Reed & Garrell,* contra.

HILL, J. (After stating the foregoing facts.) This case is before the court on exceptions to the order overruling a general demurrer to the petition. The petition alleges that the International Brotherhood of Locomotive Engineers is an unincorporated mutual benefit association; that as members of this association plaintiffs have paid certain dues for which they are entitled to certain life insurance, sick and accident benefits, and pension rights; that the defendant has threatened to take away the charter of Division 648 of the Brotherhood of Locomotive Engineers, of which they are members, and to expel plaintiffs from membership in the brotherhood; that defendant is without any power or authority, under the constitution and by-laws of the brotherhood, which constitute the contract between the brotherhood and plaintiffs, to expel plaintiffs from membership in the brotherhood, or to deprive them of such membership by revoking the charter of the division to which they belong. The plaintiffs insist that they are not proceeding against the organization, but only against the defendant, who, they insist, has no right to expel them directly or indirectly by taking the charter of the division and thus deprive them of its benefits. Under the allegations of the petition plaintiffs insist that they have no adequate remedy at law either by appeal from the action of the Assistant Grand Chief, the defendant in this case, who was sent to Waycross to investigate and take such action in the matter as he saw fit. The petition, properly construed as a whole, is not a petition against the International

Brotherhood of Locomotive Engineers, but is a proceeding to enjoin Edrington, the defendant, from acting ultra vires—beyond the scope of his authority as an officer of the brotherhood. The petitioners alleged that he was not qualified to act in the capacity of an officer of the brotherhood to pass upon any charges brought against them, because he had prejudged the case against them and had expressly announced before the hearing that it was his intention to expel the plaintiffs from membership in the International Brotherhood of Locomotive Engineers, and to revoke the charter of the local division, of which plaintiffs are members. If these allegations are true, the plaintiffs would have no adequate remedy under the by-laws of the association; and hence an equitable petition will lie against the defendant to enjoin the threatened illegal and ultra vires acts. Whether the defendant has the power and authority to carry out his alleged threats depends upon the power that he has under the constitution and by-laws of the brotherhood, and that is a question of proof upon the trial of the case; but under the allegations of the petition, which we must take as true, the constitution and by-laws contain no such power. On the trial, if the plaintiffs fail to sustain the allegations of the petition, then, of course, it would follow that the prayer for injunction must be denied. The plaintiff in error cites a long list of authorities to the effect that the courts will not interfere with the internal management of the affairs of a corporation or association, unless the conditions stated in the Civil Code (1910), §§ 2223, 2224, exist, and unless plaintiffs act promptly and first make an earnest effort to obtain redress of their grievances at the hands of the directors and stockholders, or show why it could not be done, or that it is not reasonable to require it. They cite, among others, the case of Neto v. Conselho Amor Da Sociedade, 41, 18 Cal. App. 234 (122 Pac. 973), where it was held that "a member of a beneficial association must exhaust the remedies provided by the constitution and by-laws within the association, before resorting to the courts to retain membership," and a number of other authorities from outside jurisdictions to the same effect. He cites also the cases of Millett v. American Mica Co., 147 Ga. 8 (92 S. E. 515), Albright v. Fulton County Home Builders, 151 Ga. 485 (107 S. E. 335), Bush v. Bonner, 156 Ga. 143 (118 S. E. 658), and Terrell v. Knights of K. K. K., 155 Ga. 135 (116 S. E. 289). But we are

of the opinion that those cases are distinguishable from the instant one. There is nothing in the instant case to indicate, or to show, that the plaintiffs have an adequate remedy at law by appealing to the brotherhood, or otherwise, for any injury they may sustain. Plaintiffs allege that they have no adequate remedy, that property rights are involved, and that their injury would be irreparable unless a court of equity intervenes. Of course we understand the general rule to be that in the affairs of benevolent and charitable associations the internal management will not be interfered with by the courts at the instance of minority members, where property rights are not involved; but we are of the opinion that under the allegations of the present petition, in the event that the defendant should wrongfully expel plaintiffs from membership in the brotherhood, the plaintiffs have such property rights in their membership and local organization as that a court of equity would interfere to prevent the damage. In the case of Supreme Lodge K. of P. v. Eshholme, 59 N. J. L. 255, 59 Am. St. R. 609, the question involved was the validity of the expulsion of a member, and the attack made was that the lodge had proceeded irregularly. The court held: "Want of jurisdiction does away with the obligation to seek relief by appeal, even when required by the constitution of the mutual benefit association, such as a lodge of the K. of P., in otherwise proper cases. The duty of an expelled member to exhaust by appeal, or otherwise, all the remedies within the organization, arises only where the association is acting strictly within the scope of its powers." The New Jersey court cited and quoted from Bacon on Benefit Societies, § 107, and a number of other authorities. As already said, the petition in the present case alleges that the parent order had no power or authority to do the things threatened, or to delegate such power or authority to the defendant, and that the defendant was acting and attempting to act beyond the scope of his authority. Under the allegations of the petition as amended, we are of the opinion that it alleges facts which would withstand the demurrers.

*Judgment affirmed. All the Justices concur.*