BOWDEN *et al. v.* KENNEDY.

No. 12211. May 12, 1938.

*Clement E. Dunbar* and *J. Wightman Bowden,* for plaintiffs.

*W. K. Miller, Pierce Brothers, Hammond, Kennedy & Yow, W. Inman Curry,* and *Isaac S. Peebles Jr.,* for defendant.

ATKINSON, Presiding Justice.  Petitioners do not contend that the funds collected are being misappropriated or diverted to pur-

poses other than the donors directed. They do not ask that any of the funds be returned. They do not claim any title to any of them or interest in them, except that they are members of an unincorporated political organization to whom the funds in question have been contributed. It is alleged that the defendant, without any lawful warrant or authority emanating from the organization or its central committee, has assumed and pretended to be secretary and treasurer, and that by reason of the defendant's occupying the office of chief of the fire department of the City of Augusta, he is, under the act approved March 13, 1935 (Ga. Laws 1935, pp. 897-911), known as amendment to the civil-service act, City of Augusta, incapacitated by law from holding the office of secretary or treasurer. Although the petition alleges that William T. Gary and J. Bland Goodwin are respectively president and secretary of the central committee, it is silent as to who is secretary of the club, and no mention is made of a treasurer at all, except in so far as references are made to the defendant's acting as such. The petition does disclose that the control, management, direction, and government of the club are placed in the hands of the central committee, and "that the rules of the organization consist of the practices, usages, and customs of the organization acting through its central committee, that have grown up and obtained and been in practice through the years of its existence and now;" and that the defendant is without appointment or authorization from either the organization or the central committee. The petition further discloses that one of the practices, usages, and customs of the organization that has grown up and that is of force is for there to be continually and frequently collected and received, by and for said organization, contributions and gifts of money. The petition is silent as to petitioners seeking relief within the organization before applying to a court of equity; is silent as to the selection of any one else to collect and receive these funds; silent as to how long Kennedy has been acting as secretary and treasurer, and does not negative the idea that Kennedy may be performing the services with the knowledge and tacit consent and approval of the committee, or that he was appointed as such by the president according to some practice, usage, and custom of the organization. The petition further shows that a part of the funds now in Kennedy's hands were paid in by each of the plaintiffs.

In so far as the petition may be construed as a suit for the moneys involved, the plaintiffs have no cause of action in relation thereto, though it be for the benefit of the owner, the unincorporated club, until after a refusal by the club to act, and nothing of the kind is shown here. Compare *Edrington* v. *Hall,* 168 *Ga.* 484 (148 S. E. 403). In so far as it seeks directly or indirectly to try the title to an office, it goes beyond the power of a court of equity. Compare *Moore* v. *Dugas,* 166 *Ga.* 493 (5) (143 S. E. 591); *Hornady* v. *Goodman,* 167 *Ga.* 555 (146 S. E. 173). If the plaintiffs have any rights which have been violated, they must first seek redress within the organization. Compare *Holmes* v. *Brown,* 146 *Ga.* 402 (91 S. E. 408). The petition was properly dismissed on demurrer.

*Judgment affirmed. All the Justices concur.*