20831.   MASSEY *v.* CURRY *et al.*

Argued March 15, 1960—Decided May 5, 1960.

24

*G. B. Cowart, Poole, Pearce & Hall, Wm. B. Paul, Jr., Gibson Langdale,* for plaintiff in error.

*Gowen, Conyers, Fendig & Dickey, V. E. Mitchell,* contra.

HEAD, Presiding Justice. The charter of a local labor union is subject to all of the conditions contained in the constitution and bylaws of the parent organization, which constitute a contract between the parent union and the local union and its members. *Holmes* v. *Brown,* 146 *Ga.* 402 (91 S. E. 408). See also *State* v. *Georgia Medical Society,* 38 *Ga.* 608 (95 Am. Dec. 408); *Bowden* v. *Kennedy,* 186 *Ga.* 174, 179 (197 S. E. 325); *Howard* v. *Betts,* 190 *Ga.* 530 (9 S. E. 2d 742). The rule in Georgia is the general rule in the jurisdictions of this country. 87 C. J. S. 836, § 42; 31 Am. Jur. 421, § 42.

In the present case the constitution of the international union vests in the president of the international union unlimited and unrestricted power to consolidate "offices and District and Subordinate Lodges." The plaintiffs' contracts are with the local union. There are no allegations of fraud, accident, or mistake on the part of the international president, the executive council of the international union, or the person designated by the president to effect a consolidation of Local Union No. 554 in Brunswick with Local Union No. 26 in Savannah, and no right is shown in the plaintiffs to oppose the consolidation of the local unions 554 and 26, which consolidation would terminate their offices in Local Union No. 554.

While courts of equity may, in a proper case, reform a contract so as to make it speak the actual agreement between the parties, such courts will not make a new or different contract. *Louisville & Nashville R. Co.* v. *Cox,* 133 *Ga.* 763 (66 S. E. 1088); *Fields* v. *Continental Ins. Co. of New York,* 170 *Ga.* 28 (152 S. E. 60); *Orient Ins. Co.* v. *Dunlap,* 193 *Ga.* 241 (17 S. E. 2d 703, 138 A. L. R. 916).

Neither the act of the General Assembly of Georgia approved

February 13, 1959 (Ga. L. 1959, p. 44), providing that unincorporated associations may sue and be sued, nor the act of the General Assembly approved March 17, 1959 (Ga. L. 1959, p. 236), amending the practice and procedure in proceedings for declaratory judgments, vests in the plaintiffs any right to oppose consolidation of the local unions. Their rights must be determined under the constitution of the parent organization, which became a contract between the local union and the international union at the time the local union accepted its charter.

The plaintiffs were not entitled to enjoin the merger or consolidation of the local unions, and this ruling being controlling on the rights of the parties, no ruling is required on the other assignments of error.

*Judgment reversed. All the Justices concur.*