NATIONAL FIRE INSURANCE COMPANY v. GRACE.

In order to transfer the legal title to a policy of fire-insurance from the per-
son to whom the policy was issued to another, the assignment thereof
must be in writing, and one other than the person to whom it was issued
can not, in his own name, maintain an action thereon, unless the policy
has been duly assigned to him in writing.

Argued November 23, — Decided December 17, 1898.

Action on insurance policy.    Before Judge Sweat.    Ware
superior court.    April term, 1898.

*Toomer & Reynolds* and *Spencer R. Atkinson,* for plaintiff in
error.    *Hitch & Myers* and *L. A. Wilson,* contra.

FISH, J.    At the close of the plaintiff's evidence, the defend-
ant moved for a nonsuit upon several grounds.    The first ground
was, "because it appears from the evidence that the plaintiff
seeks to recover upon a policy of insurance issued to and now
in the name of A. M. Knight, which policy, or right to recover
thereon, is not connected with the plaintiff in the case."    The
second ground was, "because it appears from the evidence that
the title to and the right to recover upon said policy, if it ex-
ists at all, is out of the plaintiff in this case."    We think the
court should have sustained this motion.    The action was upon
a fire-insurance policy, for loss alleged to have been sustained
by the plaintiff, in consequence of the destruction by fire of the
house insured, during the term covered by the policy.    The
petition alleged and the evidence showed that the policy had
been issued by the insurance company to A. M. Knight, through

Knight & Youmans, agents for said company in Waycross, Georgia, of which firm A. M. Knight was a member. While the petition averred that the plaintiff had bought a certain house and lot from Knight (the house being the property upon which the policy was issued), and that the plaintiff bought the same "upon the representation of said A. M. Knight, agent of said company, that the dwelling-house upon said property was insured for the sum of $500.00, that he had the policy, and that he, as agent of said company, would transfer the said policy properly for the protection of" the plaintiff, no evidence was introduced which showed that the policy had ever been assigned in writing to the plaintiff. On the contrary, the policy was introduced in evidence by the plaintiff, and no written assignment whatever of the same appeared thereon. So that the plaintiff's own evidence showed that the legal title to the insurance policy was still in Knight. Whatever equitable interest, if any, the plaintiff may have acquired in the policy by reason of the transaction with Knight, it is clear that, in the absence of a written assignment to him from Knight, or from some one else to whom Knight had in writing assigned it, he could not maintain an action thereon in his own name. *Hartford Ins. Co.* v. *Amos*, 98 *Ga.* 533, and authorities there cited. For this reason, if for no other, the court should have granted a nonsuit. *Judgment reversed. All the Justices concurring.*