FRANK KROMBACK, Respondent, *v.* CLETUS H. KILLIAN and Another, Respondents, Impleaded with ZURICH GENERAL ACCIDENT AND LIABILITY INSURANCE COMPANY, LIMITED, OF ZURICH, SWITZERLAND, Appellant.

Second Department, December 18, 1925.

**Insurance — indemnity insurance in favor of owner of building — action by guest to recover damages for injuries suffered when he fell on stairs — insurance corporation cannot be brought in on application by defendant as party defendant under Civil Practice Act, § 193, subd. 2.**

In an action against the owner of real property by a guest of one of the tenants to recover damages for injuries suffered when he fell on a stairway in the building, an insurance company, which has issued a policy to the owner agreeing to reimburse him for the amount of loss actually sustained and paid in money by him in full satisfaction of judgment duly recovered against him after trial of the issue, cannot be brought in on application by the defendant owner under subdivision 2 of section 193 of the Civil Practice Act as a party defendant, on the theory that said insurance company " is or will be liable " to the defendant owner, for the liability of the insurance company to the defendant owner will not positively be determined until a judgment has been rendered against the owner and the amount thereof paid, and even in that event, the insurance company may not be liable, for it may defend on the ground that the liability is not covered by the policy.

Furthermore, to bring in the insurance company as a party defendant in an action of this character against the owners of property will be prejudicial to the rights, not only of the owners, but of the insurance company as well, since the rule is that in an action to recover damages for negligence it is reversible error for the court to permit, in any manner whatsoever, a mention of the fact that the defendant is covered by insurance.

APPEAL by the defendant, Zurich General Accident and Liability Insurance Company, Limited, of Zurich, Switzerland, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 7th day of October, 1925, directing that the appellant be brought in as a party defendant to the action and that supplemental summons and pleadings be served upon it.

*Alfred W. Andrews,* for the appellant.

*Samuel Saline* [*Charles Angulo* with him on the brief], for the respondents Killian.

KELBY, J.   Defendants Killian were the owners of premises known as the Hamilton Apartments, situate at No. 7123 Fourth avenue, Brooklyn.   On January 25, 1925, the plaintiff, while upon the premises as the guest of one of the tenants, slipped on the marble stairway and received bodily injury.   He brought an action against the owners, alleging that the accident was the result of their negligence in maintaining the stairway in such a slippery condition as to be dangerous to life and limb.

At the time of the accident the owners were the holders of a policy of liability insurance issued by the Zurich General Accident and Liabilty Insurance Company, Limited, of Zurich, Switzerland, a foreign corporation ιaving its United States " head office " in Chicago and maintaiɴing a local office at No. 45 John street, Manhattan.   The pertinent provisions of the policy read as follows:

" E. The Assured upon the occurrence of an accident, shall give immediate written notice thereof, with the fullest information obtainable at the time, to the United States Head Office of the Company or to its duly authorized agent.   The Assured shall give like notice with full particulars of any claim made on account of such accident."

" G. No action for the indemnity against loss provided for in Agreement I of this policy shall lie against the Company, except for reimbursement of the amount of loss actually sustained and paid in money by the Assured in full satisfaction of a judgment duly recovered against the Assured after trial of the issue."

After the service of the summons and complaint upon the owners, they, through their attorneys, referred the matter to the insurance company.   Alleging that there had been " considerable delay " in the giving of notice to it, the insurance company disclaimed any duty to defend the action or to pay any judgment that might be rendered against the owners.   Upon the receipt of such disclaimer, the owners moved for and obtained an order requiring the insurance company to show cause why, pursuant to section 193, subdivision

2, of the Civil Practice Act, it should not be brought in as a party defendant in the action. The motion was heard before Mr. Justice STRONG, who made an order directing that the insurance company be brought in as a party defendant. From that order the insurance company appeals.

Section 193, subdivision 2, of the Civil Practice Act (as amd. by Laws of 1923, chap. 250) reads as follows:

" 2. Where any party to an action shows that some third person, not then a party to the action, is or will be liable to such party wholly or in part for the claim made against such party in the action, the court, on application of such party, may order such person to be brought in as a party to the action and direct that a supplemental summons and a pleading alleging the claim of such party against such person be served upon such person and that such person plead thereto, so that the claim of such moving party against such person may be determined in such action, which shall thereupon proceed against such person as a defendant therein to such judgment as may be proper." (See, also, Laws of 1922, chap. 624, amdg. said § 193.)

The foregoing subdivision of section 193 is comparatively new and not much in the way of authority has been written concerning it. In *May Co.* v. *Mott Avenue Corporation* (121 Misc. 398) the court formulated the following " workable rule: " " In every case in which a third person may be brought in, the party seeking that result must have a claim against him; then the application should be granted, (1) where the third person is liable to the plaintiff jointly or severally with the defendant, or where either he or the defendant (but not both) is so liable, for the claim sued upon; or (2) where irrespective of the third person's liability to the plaintiff for the claim sued upon he is liable to indemnify the defendant thereon."

Subdivision (2) of this " workable rule " would seem to hold that where the third person " is " liable to indemnify the defendant upon the claim sued upon, he may be brought in as a party defendant regardless of whether he is in any sense liable to the plaintiff. By the use of the word " is," I assume that the court intended, without saying so expressly, to confine the operation of subdivision (2) of the rule to persons who are presently liable to defendants as indemnitors. Such a restriction, however, does not seem to be warranted by the language of the statute itself, which includes within its operation a " third person " who " is or *will be* liable " for the claim made against the party seeking to bring him in as a party to the action. But in so far as it refers to a person presently liable as an indemnitor, the rule is doubtless correct.

But neither under the language of the section itself, nor under the formulated rule, can the insurance company in this case be brought in as a party. The provisions of the section are limited to a person who " is or will be liable." " Will be " cannot arbitrarily be changed to " may be." The insurance company is not presently liable. It may hereafter be liable; but such liability will not accrue unless and until a judgment shall have been obtained against the owners, and the owners shall have fully satisfied such judgment by a payment " in money." And even after the payment of such judgment by the owners there would still remain for determination the disputed question of the service of due notice. The conditions of the policy in this case are similar to those in *Brassil* v. *Maryland Casualty Co.* (147 App. Div. 815; affd., 210 N. Y. 235), from the opinion in which I quote: " The contract of indemnity is only against loss from common-law or statutory liability, and if there be no such liability there can be no indemnity. (*Cornell* v. *Travelers' Ins. Co.,* 175 N. Y. 239.) The policy provides that the defendant shall not be liable to reimburse the insured except for ' loss actually sustained *and paid* by him in satisfaction of a judgment after trial of the issue.' This clause undoubtedly creates a condition precedent to the recovery of indemnity that the insured shall have actually paid the loss. (*White* v. *Maryland Casualty Co.,* 139 App. Div. 179.) * * * The policy embraced a number of conditions or stipulations defining the rights and obligations of the parties. The first required the assured, upon the occurrence of an accident, to give immediate notice to the defendant. * * * The second condition prescribes what shall be done by the company, as follows: ' 2. If thereafter any suit is brought against the assured to enforce a claim for damages on account of an accident covered by this policy, immediate notice thereof shall be given to the company, and the company will defend against such proceeding in the name and on behalf of the assured * * *.

" Of course it is open to the company, with respect to any given claim, * * * to repudiate any liability whatever under the contract. If it adopts that course, and it be ultimately determined that the claim was one against which it did not undertake to indemnify the assured, it will be liable neither for indemnity against the claim nor for the expenses incurred by the assured in defending himself against it. (*Cornell* v. *Travelers' Ins. Co., supra.*) "

The policy of insurance in the case at bar is one of the " other policies " referred to in 36 Corpus Juris, 1097, as follows: " Under other policies, however, insurer's liability does not accrue until the amount and rightfulness of the claim against insured and his liability therefor have been determined and fixed by a judgment against

him [citing *Cornell* v. *Travelers' Ins. Co., supra*].   Insured's liability for damages incurred is not determined, within the meaning of such a policy, so as to render insurer liable to pay such damages, so long as an action therefor is pending in court against the insured."

It also seems to me that to bring in the insurance company as a party defendant in an action against the owners of the property would be prejudicial to the rights, not only of the owners, but of the insurance company as well.   " Evidence that the defendant in an action for negligence was insured in a casualty company, or that the defense was conducted by an insurance company, is incompetent and so dangerous as to require a reversal even when the court strikes it from the record and directs the jury to disregard it, unless it clearly appears that it could not have influenced the verdict."   (*Simpson* v. *Foundation Co.*, 201 N. Y. 479.)

The order granting the motion of defendants Killian to bring in the Zurich General Accident and Liability Insurance Company, Limited, of Zurich, Switzerland, as a party defendant should be reversed on the law and the facts, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

KELLY, P. J., RICH, JAYCOX and MANNING, JJ., concur.

Order granting motion of defendants Killian to bring in Zurich General Accident and Liability Insurance Company, Limited, of Zurich, Switzerland, as a party defendant reversed on the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.