28

ATKINSON, J. 1. "In order to transfer the legal title to a policy of fire-insurance from the person to whom the policy was issued to another, the assignment thereof must be in writing, and one other than the person to whom it was issued can not, in his own name, maintain an action thereon, unless the policy has been duly assigned to him in writing." *National Fire Insurance Co.* v. *Grace,* 106 *Ga.* 264 (32 S. E. 100); *Steele* v. *Gatlin,* 115 *Ga.* 929 (2) (42 S. E. 253, 59 L. R. A. 129); *Sprouse* v. *Skinner,* 155 *Ga.* 119 (116 S. E. 606); Civil Code (1910), § 2470. Accordingly, in a suit against a fire-insurance company, where the allegations of the petition as amended show that the plaintiff was one other than the person to whom the insurance policy was issued, and that the policy had not been assigned in writing, the petition failed to allege a cause of action in the plaintiff.

2. "It is well settled that estoppel conveys no title. Its whole scope is to protect one from loss which, but for the estoppel, he could not escape, and should be limited to saving the party asserting the estoppel from loss." *Peacock* v. *Horne,* 159 *Ga.* 707 (5) (126 S. E. 813).

(*a*) In a petition of the character mentioned above, an infirmity in the petition (as pointed out in this decision), which extends to title to the policy and the plaintiff's right to maintain suit thereon, can not be avoided by invoking the doctrine of estoppel.

(*b*) "The doctrine of estoppel by representation is ordinarily applicable only to representations as to facts either past or present, and not to promises concerning the future which, if binding at all, must be binding as contracts." 21 C. J. 1142, § 144; Union Mutual Life Ins. Co. *v.* Mowry, 96 U. S. 544 (24 L. ed. 674); *Morris* v. *Orient Insurance Co.,* 106 *Ga.* 472, 475 (33 S. E. 430); *Johnson* v. *Sun Fire Insurance Co.,* 3 *Ga. App.* 430, 432 (60 S. E. 118); Bigelow on Estoppel (6th ed.), 636 et seq.

(*c*) In the instant case the plaintiff's alleged grounds for estoppel consisted of parol promises of the insurance agents to make written transfers of the policy and to do other things necessary to keep the existing insurance in force, which induced the plaintiff to act, which promises the agents negligently and by oversight failed to keep. Even if the failure to observe such future promises in the circumstances mentioned would be ground for estoppel, the plaintiff could not invoke the doctrine of estoppel to avoid the necessity of a written transfer of the policy.

3. An action will not lie to reform a written contract so as to add to the writing covenants that were not included in the original agreement. See *Louisville & Nashville Railroad Co.* v. *Cox,* 133 *Ga.* 763 (2) 66 S. E. 1088); .23 R. C. L. 310-311, §§ 3, 4.

4. The judge did not err in dismissing the petition on demurrer.

*Judgment affirmed. All the Justices concur.*

No. 7125. FEBRUARY 12, 1930.

*William H. Burt,* for plaintiff.

*Spalding, MacDougald & Sibley* and *Pottle & Hofmayer,* for defendant.