LOUIS JACOBS, as Administrator of the Estate of DAVID JACOBS, Deceased, Plaintiff, *v.* JOHN PELLEGRINO and Others, Defendants.

Supreme Court, Franklin County, March 6, 1935.

*Main & Clark*, for the plaintiff.

*Clark L. Chase*, for the defendant Northern Coca-Cola Bottling Works, Inc.

LAWRENCE, J. Application by defendant Northern Coca-Cola Bottling Works, Inc., to bring in, as parties defendant, the Ocean Accident and Guarantee Corporation, Ltd., and members of the firm of Whalen Realty Company, insurance agents representing the Ocean Company, under subdivision 2 of section 193 of the Civil Practice Act.

Application is made upon notice to the plaintiff, but without notice to the proposed new defendants.

It would seem that defendant Coca-Cola Bottling Works was the owner of two trucks, which were insured against liability by the defendant insurance company. One of such trucks became unfit for use and the bottling works leased a truck as a substitute from the defendants Pellegrino, and thereafter applied to the agents, the Whalen Realty Company, to have the insurance transferred to such substituted truck, and claim they were assured that such

insurance transfer would be cared for. They claim that the policy of insurance was delivered to the agents for that purpose and retained by the agents until after the accident to be referred to. The use of the substituted truck by the bottling works, while being operated by the defendant Tricase, resulted in an accident which occasioned the death of plaintiff's intestate, and this action is brought in negligence to recover damages for such death.

The contention of the defendant bottling works is that the insurance company would be liable over to the bottling works for any negligence in the operation of the truck and that the insurance company should be made a party to this action for a complete determination of the issues, and to prevent a multiplicity of suits.

Plaintiff does not seem to object to the application and the proposed new defendants have had no notice of the motion to make them parties.

The proposed new parties had no connection with the accident. They are not liable to the plaintiff in the present action. The issues involved in the present action do not affect them and can only affect them if and when a judgment is secured against the bottling works. Their liability exists by virtue of the contract relationship, if such relationship exists between the bottling works and them. This contract relationship is one of insurance, and making the insurance company a party to the action would necessarily bring the question of insurance into the action, which it is the policy of the courts to exclude.

Section 193 of the Civil Practice Act is very broad and its application to particular cases has been before the courts in many instances. My attention is not called to any case which would furnish a reliable guide to the particulars presented in this case.

Service of notice on the proposed additional defendants may not be necessary, but failure of service should not preclude the additional defendants from moving to withdraw, at least until a determination of the present issues and without the injection into the case of the question of insurance.

While it would seem to be the tendency to give this statute liberal construction to curtail the expense of litigation, the court feels that an extension of the rule asked for would be confusing here. The defendants sought to be brought in should only be allowed to litigate the validity of the claim of the bottling works that insurance was in existence for their protection. No question of negligence of the proposed defendants arises. The insurance company was not a participant in the accident and the defendant insurance company is not directly responsible for the acts which charged the bottling works with liability.

If no question was at issue as to the liability of the insurance company to the bottling works, there might be less confusion. In such case, however, the insurance company would defend. This they refuse to do, as they deny any liability under the policy. This means that the question of such liability must be litigated in connection with the question of negligence.

I cannot believe that it was intended by the enactment of section 193 to require an insurance company to be brought in merely because a defendant may have a claim against it, the determination of which may involve some of the facts claimed by the plaintiff, but most of which would be independent of it. This might result in serious confusion in a jury trial. Then, too, it might transpire that the claim of the defendant bottling works against the insurance company should not be tried until the plaintiff's claim had been litigated. In such case there would be no point in making the insurance company a defendant and an attempt at expedition might result in delay.

I have expressed my views somewhat at length because of the seeming importance attached to it by the attorney for the bottling works. In my judgment it would be unwise and improper to bring the insurance company or its agents into the present action. The motion is, therefore, denied.