31494.  IVESTER *et al. v.* GORDON.

DECIDED APRIL 10, 1947.  REHEARING DENIED MAY 29, 1947.

*N. T. Anderson Jr.,* for plaintiffs.
*Augustine Sams, H. C. Holbrook,* for defendant.

PARKER, J.  L. M. Ivester and Mrs. Mary Ivester sued H. T. Gordon for penalties and attorney's fees growing out of alleged overcharges and violations of the provisions of the Emergency Price Control Act of 1942, 50 U. S. C. A. App., § 925 (e).  The

suit was in 39 counts. Each count charged a violation of rent regulations by the defendant in demanding and receiving from the plaintiffs either $11.50 for one week's rental or $23 for two weeks' rental on an apartment owned by the defendant on which the maximum rental permitted under the act was $37.50 per month. The allegations of all counts were alike except as to the dates on which rents were paid either weekly or biweekly, and each count was based upon each separate payment of the rent as constituting a separate violation of the provisions of the act. The total amounts sued for in all counts were $1950 principal and $650 attorney's fees.

The defendant demurred generally to the action and to each count thereof upon the ground that they set forth no cause of action. Special demurrers were also filed by the defendant but were not passed upon by the court. After several amendments were filed by the plaintiff the demurrers of the defendant were renewed on each of the grounds therein and additional grounds added. The final demurrer attacked the suit as an effort to collect on claims for 39 separate violations of the act, with penalties and attorney's fees in each instance, although the facts alleged in the several counts showed only one violation, and the violation of only one rental agreement; and alleged that there was a misjoinder of causes of action and that the petition was duplicitous and multifarious. The court sustained the general demurrers and dismissed the suit as to each and all the counts therein unless the plaintiff amended by striking all but one of the said counts within 20 days and perfected said one remaining count. The plaintiffs refused to amend as required by the order of the court, the action was dismissed and they have excepted to that ruling of the trial court.

It seems to us that this case is controlled by a decision on one point alone. The plaintiffs sued in 39 separate counts asserting liability on the part of the defendant to them on 39 separate transactions. The only difference in the several counts was the dates on which the rent was paid over a period of about 11 months either on a weekly or biweekly basis. The sole question, therefore, is whether the defendant, if liable to any extent, was liable for one violation of the rental regulations prescribed under the act on which the suit was predicated, or was liable for eleven

violations since the rental was fixed on a monthly basis, or was liable for 39 separate violations by reason of the fact that the defendant collected the rent weekly or biweekly during the period of the rental. The court ruled in passing upon the demurrer that there was in legal contemplation only one violation asserted under the allegations of the petition for which the plaintiffs could maintain an action, and directed the plaintiffs to strike all counts except one. Upon the failure of the plaintiffs to comply with this direction the general demurrers were sustained as to the entire suit and it was dismissed.

Since the act under which the plaintiffs sued is a Federal statute, the rulings of the Federal courts construing it are most persuasive, if not controlling on State courts. We think the question herein is controlled adversely to the ruling of the court below and to the contentions of the defendant by the holdings in the following Federal cases from the Circuit Courts of Appeals. Thierry v. Gilbert, 147 Fed. 2d, 603(2), Lambur v. Yates, 148 Fed. 2d, 137 (4), and Kalwar v. McKinnon, 152 Fed. 2d, 263 (3). In the latter case, Magruder, Circuit Judge, speaking for the court said (page 265) "Each of the nine monthly overcharges constituted a separate violation for which the statutory penalty of $50 was recoverable making a total of $450. Thierry v. Gilbert, 1 Cir., 1945, 147 Fed. 2d, 603. The result seems unduly severe—one might almost say, unconscionably so—under the facts of the particular case. The rigors of original § 205(e) of the Act have wisely been mitigated by § 108(b) of the Stabilization Extension Act of 1944, 58 Stat. 640, 50 U. S. C. A. Appendix § 925(e), in the direction of giving a wider discretion to the court in fixing the amount of damages. Under that amendment, in cicumstances like the present case, recovery would be limited to the amount of the overcharge—here $45—where the landlord's violation was neither willful nor the result of failure to take practicable precautions. Unfortunately for the present appellant, however, the violations in this case occurred prior to the passage of the Stabilization Extension Act of 1944, which in this respect has no retrospective application." In the Thierry case, supra (p. 504), the same court, in a per curiam decision rendered some eight and one-half months earlier, said: "We are also convinced . . that there are nine separate violations here,

to each of which the statutory penalty of $50 is applicable, rather than one violation as claimed by the defendant. It is of no consequence that the tenant went into possession under a lease for seventeen months. The rent was equally apportioned to each month's occupancy—$55 payable each month which was $5 in excess of the legal maximum of $50 per month. Defendant's notion of the seventeen-months' term as a unit—as a single estate or 'commodity' which it may be for some purposes of real estate law—would lead to the conclusion here that the maximum rent for this single estate is 17 x $50, or $850, and that the regulation is not violated until the aggregate of the successive monthly payments of $55 exceeds $850. On this view, if the term of the lease were, say, five years, the act might well have expired before the aggregate monthly payments constituted a violation of the regulation. The defendant concedes that this can not be the meaning of the regulation, and that the first payment and receipt of $55 under the lease constituted a violation. If so, the plaintiff was then entitled to sue for and obtain the statutory penalty of $50 for that violation. Would this have exhausted the sanctions of the statute, leaving the landlord free to collect $55 per month for the succeeding months? Obviously not. The receipt of the second and each succeeding payment of $55, would be separate violations, and if willfully done would be criminal offenses. The $50 statutory penalty remains as an incentive to the tenant to enforce the regulation for as many times as it may be violated during the succeeding months." See also Walsh v. Gurman, 132 Conn. 58 (42 Atl. 2d, 362).

We feel that no exposition of reasoning is needed here to show the applicability of these rulings to the case at bar. Under the allegations of the petition the violations sued for occurred between September 1, 1942 and August 1, 1943. This was clearly prior to the act of 1944 which may have modified this right to sue in separate counts, or as for separate violations. Judge Magruder in the Kalwar case has construed that act not to have a retrospective operation. We are bound by the construction placed on Federal acts by the Federal courts. The defendant cites as sustaining a contrary view on the question here involved the cases of Simmons v. Charbonnier, 56 Fed. Supp. 512, and Everly v. Zepp, 57 Fed. Supp., 303. While the writer is of the opinion that

the cases relied on by the defendant probably state the sounder rule of law that should be applied, nevertheless, these cases from the District Courts must yield, in our judgment, to the rulings in the cases cited supra, all of which are Circuit Courts of Appeals decisions.

It is our conclusion that the court erred in dismissing the plaintiff's petition as a whole, and that it should have been sustained as to eleven separate monthly violations for each of which a cause of action existed.

*Judgment reversed. Sutton, P. J., and Felton, J., concur.*