### 31663.   MORGAN *v.* LIMBAUGH.

DECIDED SEPTEMBER 13, 1947.

L. D. Burns Jr., for plaintiff.

Margaret Hills, Helen Douglas Mankin, for defendant.

PARKER, J.   W. F. Morgan (the tenant) sued Mrs. P. J. Limbaugh (the landlord) for treble damages for failing and refusing to refund, in accordance with an order of the Administrator for the defense-area in which the rented property was located, rent collected in excess of that permitted under the Emergency Price Control Act of 1942 as amended.   The petition alleged in substance: that the property in question was subject to the maximum rent regulations issued by the Office of Price Administration; that on January 16, 1947, the Area Rent Office issued an order reducing the maximum rent on the premises involved retroactively from August 1, 1946, from $50 per month to $27.50 per month, and ordered the defendant to refund to the plaintiff the excess charged within 30 days from the date of the order; that the defendant failed and refused to refund said overcharge in accordance with the order, which constituted a violation of the act and gave the plaintiff the right to sue for three times the amount of the overcharge, which was $22.50 per month for five months, or $112.50. The suit was for $337.50 plus attorney's fees.   The trial court dismissed the petition on a general demurrer and the exception is to that judgment.

Under the Emergency Price Control Act of 1942 as amended, any person selling a commodity—and renting property within a rental defense-area is deemed a selling of a commodity—who "violates a regulation, order, or price schedule prescribing a maximum price or maximum prices," is subject to liability for reasonable attorney's fees and costs as determined by the court, plus "not more than three times the amount of the overcharge, or the overcharges, upon which the action is based," unless "the defendant proves that the violation of the regulation, order, or price schedule in question was neither wilful nor the result of failure to take practicable precautions against the occurrence of the violation." The tenant may institute an action within 30 days from the date of the occurrence of the violation, and thereafter either the tenant or the administrator, but not both, may sue within a one-year period.   Emergency Price Control Act of 1942, as amended, 50

U. S. C. A., App., § 925 (e). Regulations promulgated under the act provide that the "Administrator at any time, on his own initiative or on application of the tenant, may order a decrease of the maximum rent otherwise allowable," on certain grounds therein stated. Rent Regulation for Housing, § 5 (c). The validity of any order of the Administrator decreasing rents is reviewable only by the Emergency Court of Appeals as established by the act, and its decision may be reviewed by the Supreme Court of the United States by certiorari. 50 U. S. C. A., App., § 924 (c, d). *Cohen* v. *Begner,* 75 *Ga. App.* 520 (43 S. E. 2d, 749). Section 10 of Rent Regulation for Housing provides that persons violating any provision of this regulation are subject to criminal penalties, civil-enforcement actions, and suits for treble damages as provided for by the act. However, no person shall be held liable for damages or penalties in any court "on any grounds for or in respect of anything done or omitted to be done in good faith pursuant to any provision of this act or any regulation, order, price schedule, requirement, or agreement thereunder." 50 U. S. C. A., App., § 925 (d).

The petition, which was attacked by the general demurrer, alleged: That the maximum rent on the property involved was established by an order issued by the Area Rent Office on January 16, 1947, which reduced the maximum rent retroactively from August 1, 1946, from $50 per month to $27.50 per month, and ordered a refund of the overcharge of $22.50 per month within 30 days from the date of the order. The defendant failed and refused to refund said overcharge in accordance with the order, and such failure and refusal to make refund constituted a violation of the act, subjecting the defendant to treble damages and attorney's fees. The difference between the maximum rent of $50 per month as paid by the plaintiff and the amount established by the order of the Area Rent Office of $27.50 per month, was $22.50 per month, and the period covered by the order was five months, from August 1, 1946, to January 1, 1947, making a total overcharge of $112.50, the amount which the Administrator ordered refunded to the plaintiff within 30 days; and the plaintiff sued for three times that amount and attorney's fees and costs.

We think that the petition was good as against a general demurrer. If the defendant wanted or needed more definite in-

formation as to the specific provisions of the law under which the order establishing a maximum rental was issued, she should have filed a timely special demurrer. General allegations in pleadings ordinarily are good as against a general demurrer. *Atlanta B. & A. Ry. Co.* v. *Whitehead,* 31 *Ga. App.* 89 (119 S. E. 539) ; *Melba Cafeteria* v. *McClelland,* 73 *Ga. App.* 236 (36 S. E. 2d, 118).

No Georgia cases directly in point have been brought to our attention, but there are some Federal decisions which seem to have dealt with the question involved. In *Haber* v. *Garthly,* 67 Fed. Supp. 774, a District Court in Pennsylvania held that, where the order of the O. P. A. dated August 30, 1945, required the defendants to reduce the rent from $85 to $75 per month received since October 17, 1944, the refusal to tender the refund as directed constituted a violation of the Emergency Price Control Act; and that under § 205(e) of the act (50 U. S. C. A., App., § 925(e) ), the defendants were liable to the extent of three times the amount of the overcharges, unless they proved that the violation "was neither wilful, nor the result of a failure to take practicable precautions against the occurrence of the violation." Other cases, recognizing the right to a recovery of treble damages for the failure of the landlord to refund overcharges as required by a retroactive order of the Administrator, are *Porter* v. *Butts,* 68 Fed. Supp. 516, and *Porter* v. *Sandberg,* 69 Fed. Supp. 29. The last two cases were actions by the Administrator instead of the tenant, but the rule would not be different as to the right to recover, and they are physical precedents at least sustaining the cause of action in this case. Although these decisions from Federal district courts are not binding on this court, since they deal with the construction and application of a Federal statute they are highly persuasive. *Atlantic Coast Line R. Co.* v. *Anderson,* 73 *Ga. App.* 343, 348 (36 S. E. 2d, 435) ; *Ivester* v. *Gordon,* 75 *Ga. App.* 207 (42 S. E. 2d, 785).

The defendant relies largely, if not altogether, on the case of *Bowles* v. *Griffin,* 151 Fed. 2d, 458. Her contentions seem to be that the treble-damage provisions of the Emergency Price Control Act of 1942 deal with "penalties;" and that they do not apply to the case at bar because the defendant was acting under the "first rent" regulation in section 4(e) of Rent Regulation for Housing, in collecting the excessive rents; and that her acts were not penal at the time the rents were collected, and can not be made

so by an order of the Administrator issued five months thereafter. This argument is beside the point. The petition does not show that the excessive rents were collected under the first rental provisions of the regulation, or in what way the maximum rent on the property was fixed prior to the order of January 16, 1947. The suit is for a violation of the order which required a refund. Assuming that the order issued by the Area Rent Office was valid, as this court must do under the authorities cited above, it was violated, under the allegations of the petition, when the defendant refused to comply with it. The facts in the *Bowles* case, as we understand them, are not like the facts alleged by the plaintiff in this case, and we do not think that the ruling therein relied on by the defendant is applicable to this case.

We are dealing here and now only with a petition and a general demurrer thereto. All that we hold is that the petition stated a cause of action as against the demurrer. Whether or not the defendant can avoid liability for treble damages, attorney's fees and costs by proof of her good faith in refusing to comply with the order requiring a refund within 30 days, is a jury question under § 205 (d) of the act. For these reasons the demurrer was improperly sustained.

*Judgment reversed. Sutton, C. J., and Felton, J., concur.*