31770, 31775. NORGAARD *v.* BELL; and vice versa.

DECIDED NOVEMBER 8, 1947.

*W. Owen Slate, Charles W. Bergman,* for plaintiff.

*Yantis C. Mitchell,* for defendant.

PARKER, J. Mrs. Lorena Norgaard sued W. R. Bell for $106.50 alleged to represent treble damages for excess rent charged to the plaintiff as the tenant of the defendant over a period of four months and fourteen days in violation of the provisions of the Emergency Price Control Act of 1942 as amended. The defendant demurred generally and specially to the petition of the plaintiff, and filed an answer setting up a tender of all overcharges due the plaintiff before the filing of her suit and in compliance with the order of the O. P. A., and also setting up a counter-claim against the plaintiff. The trial judge overruled the demurrer and the case went to trial and a verdict for $96 was returned by the jury in favor of the plaintiff. A motion for new trial was filed by the defendant and was overruled by the trial judge. Upon appeal to the Appellate Division of the Civil Court of Fulton County the case was reversed and a final judgment entered sustaining the general demurrer of the defendant and dismissing the plaintiff's petition. However, one of the judges concurred specially in the judgment of reversal, but not in the ruling on the demurrer, he being of the opinion that the demurrer was properly overruled but that the evidence demanded a verdict for the defendant.

The plaintiff sued out a bill of exceptions to this court complaining of the judgment rendered by the trial court, and the defendant has appealed also by cross-bill of exceptions.

We do not pass upon the rulings of the court as to the special demurrer, as we do not deem this necessary, but we think the trial judge properly overruled the general demurrer. The petition stated a cause of action for some amount as treble damages under alleged violations of the Emergency Price Control Act of 1942, as amended, under which the suit was brought. Just what amount was recoverable under the allegations of the peti-

·tion was a matter of ·calculation, but we think the petition as ·amended· stated· a cause of action as against the general demurrer. ·See *Morgan* v. *Limbaugh*, supra. Although the ground upon which the majority of the appellate division of the trial court placed its judgment of reversal was erroneous, the majority opinion being ·predicated on the theory that the petition did not set out a cause of action, the setting aside of the verdict for the plaintiff was proper because it was not sustained by the ,evidence.

Although we hold that the plaintiff stated a case on paper it does not follow that she was entitled to recover at the hands of ·the jury. The. Emergency Price Control Act of 1942, as amended, provides in part that no person shall be held liable for ,damages or penalties in any court "on any grounds for or in respect of anything done or omitted to be done in good faith pursuant to any provision of this act or any regulation, order, .price schedule, requirement or agreement thereunder." 50 U. S. C. A., App. § 925(d). It appears from the evidence that after Mrs. Norgaard had rented the premises involved from Mr. Bell at $35 per month the O. P. A. issued an order reducing the rent to $27 per month and ordering a refund within thirty days of ,the difference of $8 for a period of four months; that as soon as Mr. Bell was notified of the proposed order, and before it was actually issued, he sent his wife to the office of the O. P. A. to find out just what should be done by him to comply with the order. Mrs. Bell was referred to Mr. Green, the compliance man .in the O. P. A. rent office, who advised her that her husband was required to refund to Mrs. Norgaard the sum of $32 less any rent or other amount the tenant then owed the landlord. Mrs. Norgaard then owed rent for ten days, and Mr. Green calculated the amount of the refund less the rent owing to be $24.40, and .he instructed Mrs. Bell to get a money order for that amount payable to Mrs. Norgaard and deliver it to him and that nothing more was necessary to be done to comply with the order of the O. P. A. Mrs. Bell got the money order immediately as directed by Mr. Green, delivered it to Mr. Green, and he in turn tendered the amount to Mrs. Norgaard who refused to accept it stating that her attorney had advised her not to accept it because the amount was not enough. The evidence referred

to was not disputed and Mrs. Norgaard admitted that she knew the O. P. A. office had a money order from Mr: Bell payable to her for the $24.40 before the O. P. A. order reducing the rent had actually been issued, and that she declined to accept said money order upon the advice of her counsel.

We think the conclusion is inescapable that Mr. Bell exercised the utmost good faith in undertaking to comply with the order of the O. P. A. rental office, and make refund to Mrs. Norgaard of the rent charged, and that for this reason he was not liable for damages or penalties in any amount whatever. The verdict of the jury was therefore not supported by the evidence. Under the evidence a verdict for $32, less $9 due by the plaintiff to the defendant as rent at the time the defendant tendered the overcharges, would have been authorized. Since it appears that a proper amount was tendered to the plaintiff in compliance with the order, we think the plaintiff is liable for the costs of court, and the case is affirmed with direction that the defendant pay into court for the plaintiff the net amount of $23 shown by the evidence to be due the plaintiff, and be discharged of all further liability.

*Judgment affirmed with direction on the main bill of exceptions; cross-bill dismissed. Sutton, C. J., and Felton, J., concur.*