20344. WALKER *v.* GENERAL INSURANCE COMPANY *et al.*

ARGUED JANUARY 14, 1959—DECIDED FEBRUARY 6, 1959—
REHEARING DENIED MARCH 6, 1959.

Smith, Kilpatrick, Cody, Rogers & McClatchey, Hoke Smith, E. R. Lambert, for plaintiff in error.

A. Walton Nall, A. F. Jenkins, John T. McTier, contra.

HEAD, Justice. ■ A contract of fire insurance to be valid must be in writing. Code § 56-801. "As an assignment of an insurance policy with the assent of the company is a new contract of insurance between it and the assignee, it must, under the provisions of this section of the Code [now § 56-801] be in writing." St. Paul Fire & Marine Insurance Co. v. Brunswick Grocery Co., 113 Ga. 786, 790 (39 S. E. 483); Steele v. Gatlin, 115 Ga. 929, 931 (42 S. E. 253, 59 L.R.A. 129); Sprouse v. Skinner, 155 Ga. 119, 123 (116 S. E. 606). Generally, "one other than the person to whom it was issued can not, in his own name, maintain an action thereon, unless the policy has been duly assigned to him in writing." National Fire Ins. Co. v. Grace, 106 Ga. 264 (32 S. E. 100); Fields v. Continental Ins. Co. of New York, 170 Ga. 28 (152 S. E. 60). In the present case, there are no allegations of any negotiations, agreement, or contract between the petitioner and Little as to the policy of insurance prior to the loss, and no legal transfer by written assignment of the policy of insurance is alleged. The petitioner, therefore, fails to allege or show any right to proceed in his own name against the insurer.

■ It is alleged that the petitioner has called upon Little to "compel payment of the amounts due," and that he refuses to do so. The petitioner prays that Little, as trustee, show cause why he should not surrender the policy of insurance to him. Whether or not Little, the seller, ever became trustee for the petitioner, under the applicable rules of law, can not be determined from the allegations of the petition in the present case.

" 'When a binding agreement is entered into to sell land, equity regards the vendor as a trustee of the legal title for the benefit of the vendee, while the latter is looked upon as a trustee of the purchase-money for the benefit of the former.' Bish. Prin. Eq. (5th ed.) § 364. . . Where a contract of sale is so far completed that the vendor is to be treated as the trustee of the

vendee, the vendor would also hold in trust for the vendee a policy of insurance which was on the property at the time the contract was made; and . . . if a loss by fire occurred between the date of the contract and the time fixed for the delivery of the deed, the vendor would be compelled to account to the vendee for the insurance money collected on the policy, as he was in equity the owner of the property at the time of the fire and the loss fell upon him." *Phinizy* v. *Guernsey*, 111 *Ga.* 346, 348 (36 S. E. 796, 50 L.R.A. 680, 78 Am. St. Rep. 207) ; *Bruce* v. *Jennings*, 190 *Ga.* 618, 620 (10 S. E. 2d 56). " 'If the vendor is so situated that he can not make title according to the contract, the purchaser will not be regarded as the owner and if the property is damaged before the vendor is in condition to convey, the loss must fall on him and not on the purchaser.' [1 Warvelle on Vendors, 195]." *Mackey* v. *Bowles*, 98 *Ga.* 730, 735 (25 S. E. 834).

Attached to the petition is a copy of the contract of sale, dated April 8, 1958, between Little, as executor of Mrs. Louise H. Little, and the petitioner. This contract is headed "J. L. Todd Auction Company—Selling Agents Only," and recites that "the undersigned buyer at auction agrees to buy" the described property. This contract recites that the purchase price is $7,660, that $2,660 has been paid in cash, and that the balance of $5,000 is payable in 30 days. On May 6, 1958, the parties, in writing, extended the time of closing to June 8, 1958.

In the absence of any authority under a will, an executor can not make a binding contract for the sale of lands, at a specified price. Such a sale is contrary to public policy and can not be enforced in either law or equity. *Campbell Coal Co.* v. *Baker*, 142 *Ga.* 434 (83 S. E. 105) ; *Miller* v. *Hines*, 145 *Ga.* 616 (3) (89 S. E. 689). The petition as amended does not contain any allegations as to the authority of Little as executor of the will of Mrs. Louise H. Little, and a copy of her will is not attached as an exhibit to the petition. The petition fails to show, therefore, any valid contract of sale between Little, as executor, and the petitioner. Little, either as executor, or as trustee for the petitioner (subject to his claim for unpaid purchase money), had the

right to demand payment by the insurer for the loss. *Bruce* v. *Jennings,* 190 *Ga.* 618, supra.

In so far as the demurrers attack the petition for failure to allege that proofs of loss had been furnished to the company by the petitioner, such demurrers were not meritorious. The copy of the letter (attached to the first amendment) from an adjuster representing the company, to the attorney for the petitioner, can only be construed as an absolute refusal to pay, since the letter states that "The companies I represent have no interest in any proposition that you and Mr. Walker have to offer." A refusal to negotiate for the settlement of a loss, coupled with the statement that the insurance company is not interested in any proposition related to a settlement with the claimant, is a denial of liability in so far as the claimant is concerned, and proofs of loss are thereby waived. *Liverpool & London & Globe Ins. Co.* v. *Ellington,* 94 *Ga.* 785 (21 S. E. 1006).

The respective rights of the petitioner and Little must rest primarily on a determination as to which of the parties was the owner of the property at the time it was destroyed by fire. *Phinizy* v. *Guernsey,* 111 *Ga.* 346, supra. In the present case, a court of equity can not grant relief as between the petitioner and Little where neither the facts alleged nor the prayers of the petition are adequate for the granting of any relief.

The petition alleges that the value of the property at the time of the loss by fire was $16,000, and that after the fire it was worth $1,000. The record reveals that the defendant insurance company had issued a policy of insurance for $15,000, and that Southern Mutual Insurance Company had issued a policy of $5,000, covering the property destroyed by fire. By the first amendment it is alleged that the settlement between Little and General Insurance Company of America was fraudulent. While fraud renders contracts voidable at the option of the injured party (Code § 20-502), it may not be presumed (Code § 37-706), but must be adequately alleged and proved. The petition and exhibits reveal that Little was acting in a dual capacity, as executor of the estate of Mrs. Louise H. Little, deceased, and as agent of General Insurance Company of America. Under the facts, it might also appear that Little was acting as trustee for

the petitioner in collecting for the loss from the insurance company. A settlement by the company with its agent of the loss would, therefore, have to be made in the utmost good faith, and acts that might not be sufficient to show fraud otherwise, might satisfy a jury that a fair and impartial settlement, free of fraud, had not been made. Such a settlement, however, made with a person authorized by law to receive the money (and, under the rulings in Division 2, Little was such a person) would amount to an accord and satisfaction (Code § 20-1201), until vacated and set aside in a proper proceeding for that purpose.

A petition which seeks only the right to recover in the name of the petitioner against an insurance company on a policy not issued to or assigned to him, and under the facts alleged in this case, does not set out a cause of action.

*Judgment affirmed. All the Justices concur.*