44755. BILL HEARD CHEVROLET COMPANY v.
GENERAL MOTORS ACCEPTANCE CORPORATION et al.

ARGUED SEPTEMBER 3, 1969—DECIDED SEPTEMBER 19, 1969.

*Hatcher, Stubbs, Land & Rothschild, Richard Y. Bradley,* for appellant.

*Gerald S. Mullis, Byrd, Groover & Buford, Garland T. Byrd,* for appellees.

DEEN, Judge. *Code Ann.* § 81A-114, which is in the language of Rule 14, Federal Rules of Civil Procedure, gives the defendant in an action the option to bring into the case "a person not a party to the action who is or may be liable to him for all or

part of the plaintiff's claim against him." Following Federal precedent, we have held that for such a procedure to be maintained it must appear that the proposed third-party defendant is or may be secondarily liable to the original defendant, and a right over against him must be established, either by indemnity, subrogation, contribution or warranty. *Central of Ga. R. Co. v. Lester,* 118 Ga. App. 794, 801 (165 SE2d 587). In the present case it is not clear whether the defendant predicates his complaint on a failure of consideration based on a breach of warranty, or whether he seeks rescission and damages for fraud. The exact question, under an identical rule, was stated in Arms Roofing Company v. Petrie, (Colo.) 314 P2d 903, as follows: "May the makers of a promissory note, when sued by a holder in due course, file a third party complaint under rule 14 (a), R.C.P., against the original payee who transferred the note before maturity without recourse?" Citing United States v. Dobrowolski, (D.C. Md.) 16 F. R. D. 134 and United States v. Jollimore, (D.C. Mass.) 2 F. R. D. 148, the court answered the question in the negative. "Rule 14 (a) does not permit nor does it grant discretion to the court to implead when there are separate and independent controversies between the defendant and his desired third-party defendant." Id., p. 906. Whether or not there has been fraud or failure of consideration on the part of the vendor toward the vendee is no part of the action of a holder in due course of a promissory note, nor may it be interposed as a defense against such a plaintiff. The rule is different where the assignee-plaintiff is *not* a holder in due course, and in such case it has been held in United States v. Scott, 18 F. R. D. 324, that the payee might be impleaded by the defendant insofar as a recovery over was involved, but not for the purpose of recovering damages.

Applying this rule to the present case, the trial court erred in denying the motion to dismiss the third-party complaint.

This result is not changed by the fact that the company, in assigning the note to GMAC, warranted to the plaintiff that the property was as represented to the purchaser, and additionally guaranteed to the plaintiff full payment of any amount due and unpaid thereunder after demand. Such an agreement consti-

tutes a separate contract between the assignor and assignee but it does not inure to the benefit of the maker of the note, since it contained no agreement to indemnify the maker, but only to indemnify the assignee.

*Judgment reversed. Bell, C. J., and Eberhardt, J., concur.*