46769.  THIGPEN v. KOCH et al.

SUBMITTED JANUARY 3, 1972—DECIDED APRIL 6, 1972—
REHEARING DENIED MAY 3, 1972—

*Payne, Barlow & Green, William O. Green, Jr.,* for appellant.

*Powell, Goldstein, Frazer & Murphy, John T. Marshall, Randall L. Hughes,* for appellees.

EBERHARDT, Presiding Judge. ■ The thrust of plaintiff's objection to the third-party complaint is that paragraph six thereof denies negligence on the part of third-party plaintiffs and seeks to lay the blame for the collision on the combined negligence of plaintiff, the other two original defendants, and third-party defendant. But the same paragraph also alleges: "However, should the jury find that the third-party plaintiffs were negligent, the third-party defendant was also negligent and is liable over to the third-party plaintiffs in contribution." Judgment is demanded in the third-party complaint against the third-party defendant for contribution. In these circumstances, where the motion to dismiss goes to the entire pleading, and the alternative motion to strike goes to the entire paragraph 6, the motion was properly overruled since the entire matter attacked by the motion does not seek merely to tender the plaintiff a substitute defendant. See *Koppers Co. v. Parks,* 120 Ga.

App. 551 (171 SE2d 639); *Watson v. Hamil,* 122 Ga. App. 120 (176 SE2d 276). Hence, since the 1966 amendment to *Code* § 105-2012, the present third-party complaint for contribution is maintainable. Compare Vaughn v. Guenther, 8 F. R. D. 157 (D. C. Ga.) with *Code* § 105-2012 (1).

However, the third-party complaint, apparently in conjunction with the Kochs' counterclaim and cross claims, also purports to seek from third-party defendant direct damages sustained by the Kochs. CPA § 14, of course, provides only for service of a third-party complaint against one "who is or may be liable to [third-party plaintiff] for *all or part of the plaintiff's claim against him.*" It is a "liable over" provision and does not authorize a defendant to seek affirmative and independent relief solely on his own behalf from one not a party to the action. See, e.g., *Southern R. Co. v. Insurance Co. of North America,* 228 Ga. 23, 31 (183 SE2d 912); *Mathews v. McConnell,* 124 Ga. App. 519 (184 SE2d 491). But, the plaintiff has made no attack on this portion of the third-party complaint, and for this reason no error is shown in the trial court's refusal to dismiss it.

■ Whether or not a defendant, as a third-party plaintiff, or an original plaintiff, who becomes a defending party when a counterclaim is asserted against him, may ever implead *his* insurance company or, if so, under what circumstances (see 3 Moore's Fed. Practice 575, § 14.12; 6 Wright & Miller, Federal Practice & Procedure, § 1449), CPA § 14 is not designed to authorize a plaintiff against whom a counterclaim has been filed to implead the *defendant-counterclaimant's* insurance company. Even if a defendant (or a plaintiff against whom a counterclaim has been filed) should ever be allowed to implead *his* insurance company, "At the outset it should be noted that the question of impleading an insurer can arise only in that limited class of cases in which the insurer has disclaimed liability and refused to defend on behalf of the insured. If the insurer actually is conducting the defense, it is hardly likely to seek to implead itself and any attempt by the insured to implead an insurer who has not disclaimed liability clearly

would be a breach of the 'cooperation' clause of the insurance policy." 6 Wright & Miller, Federal Practice & Procedure, § 1449, p. 267. Accord: Green v. Shepherd Constr. Co., 46 F. R. D. 434 (D.C. Ga.); Knapp v. Hankins, 106 FSupp. 43 (D.C. Ill.); 3 Moore's Federal Practice § 14.12; Proceedings of Cleveland Institute on Federal Rules (Am. Bar Assn., 1938) 250-254. Moreover, even if impleading of one's *own* insurer were otherwise permissible, the court should deny it where impleader would not avoid circuity of action, or where it would raise problems not germane to the main action, or where the insured has not been put in a precarious situation by a failure of the insurer to defend, or where there is a risk of prejudice if the jury learns that the impleading party is insured. Green v. Shepherd Constr. Co., 46 F. R. D. 434 (D.C. Ga.), supra; Gipson v. Shelley, 219 FSupp. 915 (D.C. Tenn.); American Zinc Co. v. H. H. Hall Constr. Co., 21 F. R. D. 190 (D.C. Ill.); Ballard v. Southern Cotton Oil Co., 145 FSupp. 886 (D.C. S.C.); Kromback v. Killian, 215 App. Div. 19 (213 NYS 138); Jacobs v. Pellegrino, 154 Misc. 651 (277 NYS 654).

In the instant case it does not appear that the Kochs' insurer has disclaimed liability to them and refused to defend, nor does it appear whether impleading this insurer would avoid circuity of action, confuse the issues, etc. Under these circumstances it is clear that not even the Kochs, original defendants, would be allowed to implead the insurer on the basis that it was liable over to them, and they have not sought to do so.

It must be recognized that CPA § 14 (b) places a plaintiff against whom a counterclaim has been filed in the same position as a defendant under CPA § 14 (a). Under these circumstances plaintiff, as a defending party under a counterclaim, must show that the third-party defendant which he seeks to bring in will be liable over to *him,* not to the counterclaiming defendant or to other parties. See 3 Moore's Federal Practice § 14.30, note 1. "[Rule 14 (b)] must be read in conjunction with Rule 14 (a), which describes the circumstances under which a defending party may implead

a third-party defendant. Plaintiff is subject to the same principles that govern the assertion of a third-party claim by defendant—his motion to implead must be timely, the presence of the claim must not prejudice any other party to the action, it should not delay or complicate the trial unduly, the third-party claim must be based on evidence similar to that underlying the counterclaim against plaintiff, it must meet jurisdiction and venue qualifications, and whether the third-party claim is retained is always subject to the court's discretion. As is true under Rule 14 (a), plaintiff must show that the third party is or may be liable *to him* for all or part of *defendant's* claim; it is not sufficient that the third-party defendant is or may be liable *to other parties to the action.*" 6 Wright & Miller, Federal Practice & Procedure § 1464, pp. 335-336. (Emphasis supplied).

In the instant case plaintiff's "Motion for leave to add as an additional third-party defendant the State Farm Mutual Automobile Insurance Company" alleges as grounds therefor that in the event plaintiff recovers of the original defendants Koch, State Farm, as the Kochs' carrier, would be liable over *to them* (and not to plaintiff) to the extent of the applicable coverage. Hence the motion to add State Farm as an additional third-party defendant was properly denied.

*Judgment affirmed. Bell, C. J., Hall, P. J., Pannell, Deen, Quillian and Clark, JJ., concur. Evans, J., dissents. Stolz, J., not participating.*

EVANS, Judge, dissenting. I do not agree to the majority opinion as written, nor to the judgment of affirmance, although under my view of this case, the judgment would be affirmed in part and reversed in part. I therefore dissent, and state my views as follows:

1. The refusal to dismiss the third-party complaint was not error, as a defendant in an action at law now has the right to have other parties named as third-parties defendant, and brought into the case, upon his contention that such third-parties are liable for all or a part of the damages sought against him. See § 14, CPA (*Code Ann.* § 81A-114; Ga. L. 1966, pp. 609, 627; 1969, p. 979); *Bill Heard*

*Chevrolet Co. v. G. M. A. C.,* 120 Ga. App. 328, 330 (170 SE2d 454); *Ins. Co. of N. America v. Atlas Supply & Co.,* 121 Ga. App. 1, 4 (172 SE2d 632).

2. I next consider plaintiff's prayer in the alternative, seeking to make a third-party defendant of Koch's liability insurer, if her other motions were denied. This is a very grave question. The law was plainly spelled out prior to the adoption of the new Civil Practice Act of 1966, as amended, effective September 1, 1967, that insurance could not be mentioned. See *National Fire Ins. Co. v. Grace,* 106 Ga. 264 (32 SE 100); *Fields v. Continental Ins. Co. of N. Y.,* 170 Ga. 28 (152 SE 60); *O'Neill Mfg. Co. v. Pruitt,* 110 Ga. 577, 578 (36 SE 59); *Sims v. Martin,* 33 Ga. App. 486 (1, 2) (126 SE 872); *Heinz v. Backus,* 34 Ga. App. 203 (2) (128 SE 915); *Decatur Chevrolet Co. v. White,* 51 Ga. App. 362, 363 (180 SE 377); *Minnick v. Jackson,* 64 Ga. App. 554, 560 (13 SE2d 891); *Westbrook v. Nationwide Ins. Co.,* 113 Ga. App. 299, 302 (147 SE2d 819); *Walker v. General Ins. Co.,* 214 Ga. 758, 761 (107 SE2d 836).

But the Civil Practice Act made many radical changes in our pleading and practice, and one of these is to be found in the following statute (§ 14 (b) CPA; *Code Ann.* § 81A-114 (b), supra); to wit: "When a counterclaim is asserted against a plaintiff, he may cause a third party to be brought in *under circumstances which under this section would entitle a defendent to do so.*" (Emphasis supplied.)

When may a defendant cause a third-party to be brought in? The answer lies in the first part of this section of the Civil Practice Act (*Code Ann.* § 81A-114 (a), supra), to wit: "At any time after commencement of the action a defendant, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action *who is, or may be liable to him for all or part of the plaintiff's claim against him.*" (Emphasis supplied.)

This language is clear, cogent and convincing; it is not susceptible of any construction except that a defendant who is sued in an automobile injury case may bring his own liability insurer into the case should he so desire, because

said insurer "is or may be liable to him for all or part of the plaintiff's claim against him."

Of course, ordinarily a defendant would not wish to bring his own insurer into the case, as there seems to be a general feeling prevalent that knowledge by the jury that a defendant is insured might increase the amount of damages, or make the jury more readily decide the question of liability against the defendant. (The writer is not in whole-hearted agreement with that feeling). But whether the defendant wishes to bring his insurer in or not, this language clearly *gives him the right to do so;* and the plaintiff's rights are measured by the rights of defendant, as *Code Ann.* § 81A-114 (b) clearly states that if a countersuit is filed against plaintiff, then he "*may cause a third party to be brought in under circumstances which under this section would entitle a defendant to do so.*"

Thus, both the right of plaintiff and the right of defendant to bring in a third party are measured by the same statute, to wit: *Code Ann.* § 81A-114. If the defendant can do it, the plaintiff can do it. This is so foreign to the present trend of authorities in Georgia, that it seems like heresy or sacrilege to suggest that a plaintiff can bring the defendant's liability insurer into the case, if the defendant makes the mistake of asserting a counterclaim against plaintiff. But it must also be remembered that there is at present a trend in Georgia to go all out in following Federal practice and procedure. Our new Civil Practice Act was modeled in large part after the Federal law. So we turn to Federal authorities for their construction of the above statute, and in particular as to the right to bring an insurance company into a tort action. In the case of Tullgren v. Jasper, 27 FSupp. 413 (D.C. Md.) it was squarely held that a defendant in a personal injury action may bring in his own liability insurer as a third-party defendant, but not the insurer of his co-defendant. This case was decided in 1939, before the 1948 amendment to Federal Rule 14, in which "plaintiff" was eliminated, leaving the right of bringing such third party defendant solely to defendant. (See Lester,

supra, p. 800). But in the Tullgren case, defendant (not the plaintiff) is the one who brought in his own liability insurer, so we are not bothered or concerned by the change in the law in 1948. And, we repeat, our own Georgia statute, to wit,¹ *Code Ann.* § 81A-114 (b), allows the plaintiff to bring in a third-party defendant "under circumstances which under this section would entitle the defendant to do so." The Tullgren case, supra, has been cited in Federal appellate cases may times. It has not been overruled. Since the Georgia statute is patterned after the Federal statute, decisions by Federal courts, including District courts, are highly persuasive, through not absolutely binding, on this court. *Ivester v. Gordon,* 75 Ga. App. 207, 209 (42 SE2d 785); *Morgan v. Limbaugh,* 75 Ga. App. 663, 666 (44 SE2d 394).

There is nothing in *Central of Ga. R. Co. v. Lester,* 118 Ga. App. 794, 801 (165 SE2d 587) contrary to the above finding. That case on this point, simply holds that: ". . . as the rule now reads, only a person who is secondarily liable to the original defendant may be brought in as a third-party defendant—as in case of *indemnity,* subrogation, contribution or warranty." (Emphasis supplied.) That is exactly what is done here, that is, the insurer who is secondarily liable to defendant, as an indemnitor, is brought in as a third-party defendant. If the defendant is found not liable, there is no liability against the insurer; if he is found liable, then the secondary liability of the insurer immediately becomes operative.

In *Ins. Co. of North America v. Atlas Supply Co.,* 121 Ga. App. 1, 4, supra, this court allowed the impleading of a bank because of its secondary liability, and ably expounded the law with reference to this question and stated that: "A court should *liberally* construe the impleader provisions, to avoid multiplicity of actions, etc." (Emphasis supplied.)

In *Bill Heard Chevrolet Co. v. G. M. A. C.,* 120 Ga. App. 328, 330, supra, this law is discussed, and the third-party defendant was dismissed 'because there was no secondary

or other liability shown against said defendant.

I would reverse the court for denying plaintiff's motion to add a third-party defendant alternatively.