49104. U. S. HOMES ASSISTANCE CORPORATION v. SOUTHERN GUARANTY INSURANCE COMPANY.

STOLZ, Judge.

The plaintiff appeals from the grant of the defendant's motion for summary judgment.

The plaintiff, a builder of modular homes, constructed three homes in Blakely, Georgia, for sale to persons eligible for interest credit assistance. The homes were to be financed by Farmers Home Administration (FHA). The defendant, through its local agent, was to provide fire insurance policies on each of the houses. On the closing date, the buyer of one house decided not to complete the transaction. The other two houses were sold and are not involved in this litigation. Subsequently, the plaintiff found another buyer for the unsold house,

Mitchell Williams and his wife, Johnnie Mae Williams. On March 10, 1972, FHA approved a loan for the Williamses. At the plaintiff's direction and upon payment of premium to the defendant's general agent by the plaintiff, who still held title to the house, on March 14, 1972, the defendant issued a fire insurance policy on the subject house in the name of Mitchell Williams and Johnnie Mae Williams, with a mortgage clause in favor of the United States of America (FHA). The original policy was mailed to the Blakely office of FHA and a copy sent to the Williamses. The plaintiff was not sent a copy of the policy. The Williams family moved into the house on March 27, 1972. On April 6, 1972, the house burned and was a total loss. When the insurance policy was issued, the defendant's Blakely, Georgia general agent knew that title to the insured property had not been conveyed from the plaintiff to the Williamses and that the FHA loan had not been closed. At the time of the fire, the loan to the Williamses from FHA still had not been closed and title to the house still remained in the plaintiff. The defendant paid the Williamses $1000 for loss of household goods and personal effects, but on April 27, 1972, also wrote the Williamses, "As a result of our investigation we found that you did not own the property damaged by fire on the captioned date, which was April 6, 1972. We must, therefore, respectfully advise you that the contract of insurance is void ab initio and coverage will not apply." Likewise, on April 27, 1972, the defendant wrote its Blakely, Georgia general agent, who had written the policy in question, "It is our understanding that U. S. Homes Assistance Corporation paid the premium for the abovementioned policy. Since we are voiding coverage, please refund the entire premium and forward us the evidence of such refund."
*Held:*

The controlling issue in this case is whether plaintiff, U. S. Homes Assistance Corp., has any standing to bring this action against this defendant on the policy of insurance. We must answer this question in the negative. In *Walker v. General Ins. Co.,* 214 Ga. 758, 761 (107 SE2d 836) the Supreme Court held: "Generally, 'one other than the person to whom [an insurance policy] was

issued can not, in his own name, maintain an action thereon, unless the policy has been·duly assigned to him in writing.' *National Fire Ins. Co. v. Grace,* 106 Ga. 264 (32 SE 100); *Fields v. Continental Ins. Co. of New York,* 170 Ga. 28 (152 SE 60)."

"The general rule is that: 'An action on a policy of insurance—or on a written binder—must be brought in the name of the holder of the legal title thereto.' *Westbrook v. Nationwide Ins. Co.,* 113 Ga. App. 299, 302 (147 SE2d 819). 'Generally, "one other than the person to whom it was issued can not, in his own name, maintain an action thereon, unless the policy has been duly assigned to him in writing." ' *Walker v. General Ins. Co.,* 214 Ga. 758, 761 (107 SE2d 836)." *Insured Lloyds v. Bobo,* 116 Ga. App. 89, 90 (156 SE2d 518).

*Judgment affirmed. Deen and Webb, JJ., concur.*

ARGUED FEBRUARY 12, 1974 — DECIDED APRIL 8, 1974 — REHEARING DENIED APRIL 24, 1974.

*George A. Bell,* for appellant.
*Phillip Sheffield,* for appellee.