### 53664. HANOVER INSURANCE COMPANY v. STATE FARM INSURANCE COMPANY et al.

SHULMAN, Judge.

In a case involving a number of amendments and addition and subtraction of parties, appellee sought payment from appellant under an uninsured motorist clause in a policy issued by appellant to an insured. By the time summary judgment for appellee was granted, appellee was the sole plaintiff. Appellant's motion to dismiss for failure to state a claim, based on the fact that State Farm was suing in its own name rather than that of the insured, was denied. Appellant has enumerated that denial as error and we agree with that contention.

1. Late in the course of litigation, State Farm amended its pleadings to set out a "Receipt and Trust Agreement." That document recites that State Farm had paid $10,000 to the insured, in consideration for which the insured promised to hold in trust for State Farm "all rights of recovery" for the damages for which State Farm had compensated him. He also agreed to cooperate in the litigation and expressly authorized State Farm to take any necessary action "in the name of the undersigned."

State Farm contends the "Receipt and Trust Agreement" gave it the right to proceed against Hanover and cites *Walker v. General Ins. Co.,* 214 Ga. 758 (107

SE2d 836). Appellant also cites *Walker,* but more correctly. "Generally, 'one other than the person to whom it was issued can not, in his own name, maintain an action thereon, unless the policy has been duly assigned to him in writing.' [Cits.]" Id. p. 761.

The document advanced by State Farm as an assignment of the policy falls short of reaching that result. The only thing assigned was the proceeds from any settlement or judgment. The right of action was to be held in trust by the insured. This trust agreement is inconsistent with a claim of assignment since the insured, as trustee, holds legal title to the right of action. "The general rule is that: 'An action on a policy of insurance . . .must be brought in the name of the holder of the legal title thereto.' [Cit.]" *U. S. Homes Assistance Corp. v. Southern Guaranty Ins. Co.,* 131 Ga. App. 676, 678 (206 SE2d 555).

Since State Farm had no right, independent of the person insured by the Hanover policy, to proceed against Hanover, the withdrawal of that party was fatal to its action. It was error to deny Hanover's motion to dismiss and was, therefore, error to grant summary judgment to State Farm.

2. In view of our holding above, it is unnecessary to discuss the other enumerations of error.

*Judgment reversed. Quillian, P. J., and Banke, J., concur.*

ARGUED APRIL 11, 1977 — DECIDED MAY 2, 1977.

*N. Forest Montet, Malcolm P. Smith,* for appellant.
*Robert F. Oliver, McClure, Ramsay, Struble & Dickerson, Robert B. Struble,* for appellees.