## A02A0382. SAVAGE et al. v. ST. PAUL FIRE & MARINE INSURANCE COMPANY.

(566 SE2d 682)

BLACKBURN, Chief Judge.

In this case involving insurance coverage for the theft of dental equipment, Susan L. Savage appeals the trial court's grant of summary judgment to St. Paul Fire & Marine Insurance Company, contending that issues of fact remain regarding coverage. Because there is no evidence that Savage's corporation, Family Medical & Dental Centers of America, P.C., was insured under the policy, we affirm.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.*[1]

Viewed in this light, the record shows that, on April 19, 1998, St. Paul issued an insurance policy to Dr. Susan L. Savage to cover her medical practice. The named insured under this policy was Susan L. Savage, M.D., and the insured's address was listed as Idlewood Road in Tucker, Georgia. Dr. Savage procured this policy through an agent, Potter Holden & Company, and it is undisputed that Potter Holden was not an agent of St. Paul. On January 1, 1999, subject to a written endorsement, this policy was amended to show Susan L. Savage, M.D., Inc. as the named insured to reflect the fact that Savage had incorporated her medical practice.

In May 1999, Dr. Savage, in her individual capacity, decided to purchase a dental practice and open a combined medical and dental clinic with Anthony McMillan. This new business was incorporated as Family Medical & Dental Centers of America, P.C. on May 14, 1999. As discussed in more detail below, there is no evidence in the record that Dr. Savage asked St. Paul to insure this newly formed

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

corporation,[2] and Dr. Savage did not relate the nature or organization of this new business arrangement to the insurance company, although she did discuss it with Potter Holden.

On May 20, 1999, the policy was once again amended (with an effective date of May 13, 1999) to show a new address on Chamblee Tucker Road in Doraville, Georgia, where Family Medical was located, and an additional premium in the amount of $5,355 was assessed. The endorsement making this change reads:

> Location Number 001 [Idlewood Road in Tucker] is deleted. Location Number 002 [Chamblee Tucker Road in Doraville] is added, see attached Professional Office Package Location Coverage Summary. The premium shown below is the total net premium of all additions, changes, and deletions for this endorsement to your policy.

The named insured continued to be Susan L. Savage, M.D., Inc. On September 1, 1999, St. Paul issued an endorsement raising Savage's insurance coverage for the Chamblee Tucker location to $250,000, effective August 27, 1999.

Dr. Savage's operation of Family Medical quickly became problematic. Sometime in October 1999, Dr. Savage discovered that McMillan was not licensed to practice dentistry and that he had been embezzling money from the business. Realizing that Family Medical was no longer viable, Dr. Savage disassociated with McMillan, closed down Family Medical's operations on October 29, 1999, and told her staff to go home.

For the first time on November 4, 1999, Potter Holden issued a letter to St. Paul requesting that the policy be amended to add Family Medical as a named insured and to decrease the policy coverage to $40,000. Potter Holden requested that these changes be made effective retroactively to May 14, 1999. Shortly thereafter, effective November 3, 1999, St. Paul issued an endorsement reducing Savage's insurance coverage for the Chamblee Tucker location to $40,000. To effectuate the change of insureds to include Family Medical, however, St. Paul asked Dr. Savage to complete an "entity application form." Dr. Savage did not complete the entity application form at that time.

---

[2] The insurance policy provides: "Any organization, other than a partnership, joint venture, or limited liability company, that you acquire or form while this agreement is in effect is a protected person if you own more than 50% of it." The insurance policy further provides, however, that such an organization is covered for only 90 days from the date it was acquired or formed unless otherwise agreed. As the theft on which this case is based indisputably occurred more than 90 days after Family Medical was formed and there is no evidence of an agreement to extend the automatic coverage period, this policy provision is inapplicable.

Sometime between November 14, 1999, and just after Thanksgiving, almost $90,000 worth of dental equipment was allegedly stolen from the Family Medical offices while Dr. Savage was out of town. Six weeks later, on December 28, 1999, Dr. Savage reported the theft to a St. Paul adjuster. After investigating the incident, St. Paul informed Dr. Savage that the theft loss was not covered under her policy because Family Medical, the owner of the dental equipment, was not named as an insured.

Dr. Savage finally completed the entity application sent to her by St. Paul on December 21, 1999. At that time, she designated Susan Savage, M.D., P.C. as the entity to be added to the policies because Family Medical was no longer in operation. Effective December 21, 1999, St. Paul issued an endorsement changing the named insured to Susan L. Savage, M.D., P.C.

The record contains no evidence that Dr. Savage ever requested that Family Medical be insured under her policy with St. Paul. In fact, the letters from Dr. Savage's own agent indicate that Family Medical was never added to the policy as a named insured. One such letter states: "Due to the fact that we never received the appropriate application needed to add Family Medical . . . , this corporation was never added to your policies."

"The general rule is that [a]n action on a policy of insurance or on a written binder must be brought in the name of the holder of the legal title thereto. Generally, one other than the person to whom it was issued can not, in his own name, maintain an action thereon, unless the policy has been duly assigned to him in writing." (Citations and punctuation omitted.) *U. S. Homes Assistance Corp. v. Southern Guaranty Ins. Co.*[3]

The evidence of record, therefore, supports the trial court's grant of summary judgment to St. Paul. Nonetheless, Dr. Savage argues that St. Paul should be required to insure Family Medical pursuant to *State Farm Fire &c. Co. v. Mills Plumbing Co.*[4] *Mills Plumbing*, however, is distinguishable from the matter at hand.

In *Mills Plumbing*, a plumbing business, initially established as a partnership, incorporated without informing the insurer, although it otherwise continued its operations in the same manner. Subsequent to this incorporation, the insurance company audited the business, determined the extent of its exposure risks, and raised the busi-

---

[3] *U. S. Homes Assistance Corp. v. Southern Guaranty Ins. Co.*, 131 Ga. App. 676, 678 (206 SE2d 555) (1974).

[4] *State Farm Fire &c. Co. v. Mills Plumbing Co.*, 152 Ga. App. 531 (263 SE2d 270) (1979).

ness' premiums, which were paid with checks drawn on the business' new corporate account. In that case, we held:

> Under these circumstances it cannot be said, as a matter of law, that the insurer has not "consented" to the assignment of the policy by the partnership to the corporation or that the insurer has not, by its actions, waived the policy requirement that assignments be endorsed on the face of the policy. When the insurer received the audit report, it knew or should have known that the partnership had been replaced by the corporation. At that point, the insurer chose not to treat the policy as no longer in force, but, rather increased the premiums due thereunder, for reasons based upon the fact of that incorporation.

Id. at 534 (1).

In this case, on the other hand, one business entity did not change form into another type of entity, for example, a partnership into a corporation. Instead, one founder created two separate corporations; Dr. Savage created Susan L. Savage, M.D., Inc. and Family Medical. And, unlike the entities in *Mills Plumbing*, the operations carried on by the two entities in this case were very different, and, as a result, the risks to the insurance company were very different. Accordingly, *Mills Plumbing* has no application here.

Because there is no evidence that Family Medical was a named insured under the policy in question, the trial court appropriately granted summary judgment to St. Paul.

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED JUNE 5, 2002 — ▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Michael M. Calabro*, for appellants.

*Claxton & Claxton, William P. Claxton, Carlock, Copeland, Semler & Stair, Wade K. Copeland*, for appellee.